## INDIANAPOLIS STREET RAILWAY COMPANY
### v. SLIFER.

[No. 4,877.    Filed April 20, 1905.    Rehearing denied June 21, 1905.]

1. PLEADING.—*Complaint.—Negligence.—How Alleged.*—A complaint, which alleges that the defendant street railroad company by and through its employes committed the acts of negligence charged, is sufficient as against the objection that it is not shown that such employes were acting in the line of their duty. p. 701.

2. TRIAL.—*Instructions.—Negligence.—Several Acts Alleged.—Proof of One.*—Where a complaint for damages on account of defendant's negligence sets forth several distinct acts of negligence, it is the duty of the trial court to instruct that the plaintiff is entitled to recover upon proof of any one of such acts. p. 702.

3. SAME.—*Instructions.—Municipal Ordinances.—Streets.—Use of.—Question for Jury.*—Where a municipal ordinance required drivers of vehicles to keep on the right side of the street "as nearly as practi-

çable," it was proper to instruct that if the plaintiff, a driver of a vehicle, was injured while driving on the left side of the street, he was guilty of contributory negligence, unless it was impracticable to drive on the right side, which question was for the jury to decide upon the evidence. p. 702.

4. STREET RAILROADS.—*Negligence.—Speed.—Question for Jury.*— Whether the running of a street car upon a city street, on a dark, foggy night, at the rate of twenty-five or thirty miles an hour is negligence under the circumstances, is a question for the jury. p. 703.

5. NEGLIGENCE.—*Contributory.—Driving on Left Side of Street.— Street Railroads.—Question for Jury.*—Where plaintiff was driving on the left side of the street on a dark, foggy night while his companion was watching for the approach of cars, the question whether plaintiff was acting as an ordinarily prudent man under the circumstances, was one of fact for the jury. p. 705.

From Superior Court of Marion County (64,033); *Vinson Carter,* Judge.

Action by Isaac Slifer against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta,* for appellant.

*R. F. Stuart* and *P. W. Bartholomew,* for appellee.

COMSTOCK, C. J.—Suit to recover damages for a personal injury; complaint in one paragraph; answer of general denial; trial by jury; verdict for $1,000, with answers to interrogatories; motion for judgment on answers to interrogatories notwithstanding the general verdict overruled; judgment on the verdict.

1. The first assignment of error is that the complaint does not state facts sufficient to constitute a cause of action. The point made in support of the assignment is that the complaint does not contain a specific averment that the defendant's employes, who are alleged to have negligently operated the street car, by collision with which appellee was injured, were acting in the line of their duty. An examination of the complaint discloses that wherever negligence is charged, it is charged to have been done by the defendant by

or through its employes. The charge is thus made in terms against appellant.

2. Various acts of negligence are charged in the complaint. The court instructed the jury if it found from the evidence that the appellant was negligent in running the car at the rate of twenty miles an hour, and in failing to sound a gong or bell on the car for the purpose of giving warning to travelers of its approach, or in failing to have a lighted headlight on the car, that the jury would be warranted in finding that the defendant was chargeable with negligence in running the car at the time of the accident. The claim is made that the instruction was outside the issue, in that the duty of appellee was to prove that one of the acts complained of, in conjunction with the others, produced the injury.

The complaint enumerates various acts of negligence, namely, that defendant carelessly and negligently failed to ring its gong, or to look ahead to see and observe the track ahead of said car, and to warn any traveler upon said public highway that said car was approaching; that the defendant carelessly and negligently failed and neglected to maintain a headlight upon said car, so that persons upon said Shelby street could discover the approach of said car; that in consequence of the negligence and carelessness of the defendant as aforesaid the defendant's servants carelessly and negligently "ran said car without giving plaintiff any warning," etc. If it took all the acts averred to make a charge of actionable negligence, then the point would be well taken. But in a civil suit it is only necessary to prove so many of the facts alleged as constitute a cause of action, and the liability of the defendant upon proof of negligence in one respect indicated by the instruction in nowise depends upon the proof of the others, or either of them. While particular acts of negligence are set out, they are not charged as jointly causing the plaintiff's injury. The instruction was correct.

3. An ordinance of the city of Indianapolis was introduced in evidence. The first section thereof was in terms

as follows: "That it shall be unlawful for all riders and drivers of vehicles, whether such vehicles are drawn or propelled by animal or other power, to ride or drive on, over and along the middle or on, over and along the left side of any street in the city of Indianapolis, except in the necessary act of crossing the same, or of passing a vehicle going in the same direction; and all such riders and drivers shall keep as nearly as practicable to the right of such street; but the provision of this section shall not apply to street railways." Laws and Ordinances, City of Indianapolis (1904), §3196.

The court instructed the jury that if it found such ordinance to have been in force, and that at the time of the accident appellee was traveling upon the left side of the street in violation thereof, then he would be guilty of such contributory negligence as would bar his recovery for damages received while thus violating such ordinance and received in consequence of such violation, unless it should also find that the right side of the street was in such condition as to render it impracticable or unsafe to travel thereon, in which case he would not be chargeable with negligence solely because he was traveling on the left side of the street.

The ordinance required drivers of vehicles "to keep as nearly as practicable to the right side of such street." If appellee did this, there was no violation either of the letter or spirit of the ordinance. The ordinance itself contemplated conditions under which its observance would not be practicable. Whether he did it or not was, under the evidence, a question of fact.

4. One reason given for a new trial was that the verdict of the jury is not sustained by sufficient evidence, which, together with the refusal of the court to give a peremptory instruction, requires a consideration of the evidence. There is evidence fairly tending to prove that on the 5th day of July, 1902, appellee, accompanied by a man named Harris, at 11 o'clock p. m., drove a horse hitched to a spring wagon on Shelby street, in the city of Indianapolis, north from

Sutherland avenue, keeping on the east and right side of the street a short distance, and then crossing to the west and left side of the street, two wheels running inside of appellant's street railway tracks, till he was struck by a southbound car, receiving the injuries of which he complains.

Shelby street was not at that place a paved street. Appellant was extending its double track over the same, and had excavated large portions of the street. The east side of the street was occupied by piles of dirt, and otherwise obstructed. It had been recently filled in with fresh dirt, which at the time was soft and wet. Appellee crossed to the west side of the street on account of the condition of the driveway on the right side. The night was dark and foggy. Shelby street was straight. There was nothing to cut off appellee's view, except the darkness and fog, for 500 feet at least. The car was a summer car, lighted by electricity, and made a noise which could be heard for some distance. There was a switch-engine operating in the vicinity, and an electric street lamp at the intersection of Raymond street. Said lamp hung over the east track, and was distant about one block from the point of collision. The distance between the west rail and the curb on the west side of the street along which appellee was traveling was variously estimated at from seven to fifteen feet. There are references in the evidence to the gutter next to the sidewalk, but its extent does not plainly appear. The gong was sounded once when the car was one and three-fourths blocks away from the place of the accident. There is no evidence that the headlight was burning at the front of the car. Appellee and his companion were both of mature years and in possession of their faculties. Harris was familiar with the street, but appellee was not. Appellee gave his attention to the horse and the road, and told Harris to watch for a car, which he says he did. Harris did not see the approaching car until it was within twenty feet of him. His explanation of his failure to see the car was that the electric light at Raymond street dazzled

him, and there is evidence that the electric street lamp had that effect. Harris testified he could not see the car when it was between him and the light at Raymond street; that the light blinded him. Appellee did not see the car until about the time it struck the vehicle. The car was running at from twenty-five to thirty miles an hour. A passenger sitting on the third seat from the front testified that the conductor first saw the vehicle ahead, and shouted a warning to the motorman, who was at the time adjusting his glove, or otherwise similarly engaged. The motorman testified that he first saw the horse and vehicle when twenty or twenty-five feet away. We think it must be conceded that the running of a car on a dark and foggy night, without a headlight, at the rate of twenty-five or thirty miles an hour, without warning, was negligence. At any rate the question was one properly submitted to the jury.

5. Did appellee act as a reasonably prudent man would have acted under the circumstances? If he did he was not guilty of contributory negligence. It appears that the appellee did not look nor listen. He gave his attention to driving. His companion promised that he would look out for the car. Had he failed to do so his negligence would not have excused the negligence of appellee; but Harris testified that he kept looking and listening, but did not see or hear anything until the car was about twenty feet ahead of the team, running at the rate of twenty-five or thirty miles an hour. Whether, in passing along the street in the condition it is shown to have been, the arrangement by which appellee was to give his attention to driving alone and his companion was to look out for the car was such as a reasonably prudent man would make under the circumstances was a question for the jury. The jury, by the verdict, have found that appellee did act as a reasonably prudent man would have acted under the circumstances.

We find no error for which the judgment can be reversed.

Judgment affirmed.