## INDIANA MATCH COMPANY *v.* KENNEDY.

[No. 6,565.  Filed January 12, 1910.  Rehearing denied March 30, 1910.]

1. MASTER AND SERVANT.—*Defective Machinery.—Proximate Cause.*—The failure to use a different kind of a machine can be only a remote or speculative cause of an injury sustained because of a defect in the machine actually used.  p. 631.
2. MASTER AND SERVANT.—*Several Acts of Negligence.—Proof of One.—Complaint.*—Where several acts of negligence are alleged to be the proximate cause of a servant's injuries, proof of one of such acts will sustain a recovery, unless the pleading proceeds upon the theory that all the alleged acts of negligence combined caused the injury.  p. 631.
3. MASTER AND SERVANT.—*Several Acts of Negligence.—Proximate Cause.—Complaint.*—A complaint alleging that the plaintiff's injuries were the proximate result of defendant's negligence in maintaining the gear of a machine in a specified, defective condition, and in maintaining a gearing that was dangerous and unsafe, is sustained by proof of the existence of one of such allegations of negligence.  p. 631.
4. TRIAL.—*Instructions.—Imperfections.—Appeal.*—Where the jury was fairly instructed upon the merits of the case, mere imperfections in some of the instructions which did not mislead the jury, are not cause for a reversal.  p. 632.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by Henry C. Kennedy against the Indiana Match Company. From a judgment for plaintiff for $2,750, defendant appeals. *Affirmed.*

*Kumler & Gaylord,* for appellant.

*O. C. Jarvis, Clyde H. Jones* and *John B. Murphy,* for appellee.

MYERS, C. J.—The appellee brought this action to recover for a personal injury suffered by him while in the employ of appellant in its match factory. There were three paragraphs of the complaint. Judgment was rendered in favor of the appellant on the first and third paragraphs and against it upon the second paragraph.

The overruling of appellant's motion for judgment in its favor upon the second paragraph, on the special findings of the jury in answer to interrogatories, notwithstanding the general verdict, is assigned as error, as is also the overruling of its motion for a new trial.

In support of the motion for judgment on the answers to interrogatories, it is insisted that while the second paragraph of complaint charges two several negligent acts of appellant as having jointly, by their combined effect, produced the injury, it appears by the answers to the interrogatories that only one of such negligent acts was the proximate cause. The second paragraph is very long, and includes a description of a machine not easily described briefly. Appellee was in charge of a "dipping machine," by means of which the heads were put upon the matches by passing crates containing upright sticks, or matches without heads, between two rollers, from one of which the sticks received the composition constituting the match heads. It was proper and necessary for the person operating the machine occasionally to remove with his hand from the receptacle the splinters and pieces of wood dropped as the crate passed between the rollers, for which purpose it was necessary to stop the

machine by throwing it out of gear. The defect which caused appellee's hand to be caught and injured was attributed to that part of the machine by which its motion was stopped, which, by reason of its defectiveness, was apt to throw the machine in gear and to put it in motion automatically, while the operator was removing the refuse.

The machine was constructed with a gearing connecting it with a large sprocket-wheel, and the complaint alleges that the machine had what is known as a square notched clutch gearing, and that by means of a lever and a square notched clutch the gearing could be pushed backward and forward, throwing the machine in or out of gear as the operator chose; that the gearing had attached thereto a perpendicular iron bar running from the lower portion of the clutch to a horizontal bar which was attached to the lower portion of the lever used in throwing the machine in or out of gear; that the gearing was negligently constructed, in that the horizontal bar which connected the lever with the perpendicular bar was too short, and by reason thereof when the lever operating the gearing was pulled out, in order to throw the machine out of gear, the lever would drop past the center, thereby throwing the machine in gear.

The complaint further alleged "that said notched clutch gearing which defendant had on said machine for the purpose of throwing it in and out of gear, when properly constructed was not a safe gearing for said machine, and was not the kind of gearing in general use on like machines;" that the only safe and reliable gearing for such a machine, as defendant well knew, was a gearing known as the friction gearing; that the gearing used was not, as defendant well knew, adapted for the use to which it was applied, but that defendant negligently allowed said machine to be and remain in said unsafe and dangerous condition; that if said horizontal bar had been of sufficient length said machine would not have been dangerous, and the accident in question would

not have happened; that the plaintiff's injury was "the direct and proximate result of the negligence of defendant in maintaining the gearing of said machine in its defective condition, as hereinbefore alleged, in maintaining on said machine a gearing that was dangerous and unsafe and not adapted for the use to which defendant was applying it, and in directing plaintiff to operate said machine in its dangerous and defective condition."

The jury specifically found, among other facts, that the horizontal bar was not of proper length, that it was defective, that the lever fell and thereby put the machine in motion, that the shortness of the horizontal bar caused the lever to drop, and that the machine would not have started or appellee have been injured if the lever had not fallen. Appellant lays stress upon the allegation in the complaint, "that said notched clutch gearing, which defendant had on said machine for the purpose of throwing the same in and out of gear, when properly constructed was not a safe gearing for said machine," etc. The jury found specially that the machine was provided with the kind of gearing, bars and levers in general use; but the jury also found that appellant knew, or by the exercise of reasonable care should have known, that the "machine was defective in that it was equipped with a notched clutch gearing," and appellant scarcely could be said to have had such knowledge, if the machine was not defective by reason of the kind of gearing used. It is not alleged in the complaint that the injury was caused by a machine properly constructed or by the failure to use the friction gearing; but the cause of the injury is shown to have been the defective, dangerous and ill-adapted machinery actually used, which was not properly constructed.

The failure to use a machine of a different kind could not be more than a remote and speculative cause of the injury occasioned directly by the specific defect in the machine

Indiana Match Co. *v.* Kennedy—45 Ind. App. 627.

actually used, without which specific defect the injury would not have occurred. The settled rule in this State authorizes the plaintiff in an action for damages for injuries caused by the negligence of the defendant to plead more than one act of negligence in the same paragraph, "and upon the trial it is sufficient if he prove such negligence charges as will establish his case, and this may be a single act of negligence." *New York, etc., R. Co.* v. *Robbins* (1906), 38 Ind. App. 172; *New York, etc., R. Co.* v. *Callahan* (1907), 40 Ind. App. 223; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143. And where several acts of negligence are charged this rule will prevail, unless it clearly appears that the pleading "proceeds upon the theory that all the alleged acts of negligence combined caused the accident." *New York, etc., R. Co.* v. *Robbins, supra.*

In the case at bar, it is alleged "that said injury * * * was the direct and proximate result of the negligence of defendant in maintaining the gear of said machine in its defective condition as hereinbefore alleged, and in maintaining a gearing on said machinery that was dangerous and unsafe." Appellant insists that this allegation makes the shortness of the horizontal bar and the notched clutch gearing jointly the proximate cause of appellee's injury, and the jury having found that the injury was caused by the shortness of the horizontal bar alone, it follows that its motion should have been sustained. We are not persuaded that the facts bring this case within the rule appellant seeks to have applied, for, in our opinion, the complaint cannot be said to show such inter-dependent negligent acts combining to produce the injury approximately as to render inconsistent with the general verdict the special findings that the injury was caused by the defectiveness of the horizontal bar, and would not have occurred if it had been of proper length.

Appellant, in support of its motion for a new trial, contends that two of the instructions given to the jury were erroneous. We have read these instructions in connection with the many other instructions given to the jury, some by the court upon its own motion, and others upon request of the parties, and have considered them in connection with the special findings of the jury, and we are unable to conclude that the jury was misled by the instructions in question. The jury was fairly instructed upon all the questions involved. If the instructions in question might properly have been fuller and clearer, yet the special findings show that what was missing therein did not fail to receive proper consideration. *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111; *Union Traction Co.* v. *Pfeil* (1906), 39 Ind. App. 51; *Posey County Fire Assn.* v. *Hogan* (1906), 37 Ind. App. 573.

Judgment affirmed.