GREAT ATLANTIC AND PACIFIC TEA COMPANY *v*. CUSTIN.

[No. 26,981.  Filed March 11, 1938.  Rehearing denied
April 28, 1938.]

56

*George E. Hershman* and *Russell A. Nixon,* for appellant.

*Daly & Freund* and *Ray E. Pillard,* for appellee.

TREMAIN, J.—This is an action by appellee against appellant to recover damages for personal injuries alleged to have resulted from the negligence of appellant. The complaint alleged that on June 1, 1934, appellant was engaged in the retail grocery business in the city of Valparaiso; that appellee was a customer; that about 5:45 o'clock in the afternoon, daylight savings time, appellee entered appellant's store for the purpose of making purchases; that the store was about twenty feet in width, with an offset three and one-half feet wide and twelve feet long on the left-hand side; that the entrance to the store was through a door near the center of the front of the room; that display windows were maintained on each side of the door; that shelving and counters extended back on each side; that, in the center of the room about twelve feet back from the entrance door, there was a rack upon which bananas were displayed; that the base of this rack was made of empty orange crates; that it was so constructed that the aisle between it and another rack was very narrow; that after making other purchases, the manager of appellant invited appellee to purchase some bananas, and directed her to the banana rack; that appellee followed

the manager to the rack through the narrow aisle, and in so doing, her right leg, six or eight inches above the foot, came in contact with a broken, twisted, and jagged piece of metal binding, which protruded from an orange crate upon which the display rack was erected; that the jagged part of the metal protruded into the narrow aisle, which was not well lighted, and by reason of its position and the lighting condition, she failed to see it, and sustained a serious injury to her leg.

It was alleged that the appellant, its agents, and employees carelessly and negligently had permitted said condition to exist for some time previous to the date of the injury, and the appellee had no knowledge of its existence; that, at the time she was injured, she called the manager's attention to the injury; that an examination of the crate was made, and the metal piece was located protruding from it about eight inches from the floor, and in such manner that a person walking in the narrow aisle could not observe it, in the exercise of reasonable care.

The complaint alleged the nature of the injuries, the duration of time the appellee was confined to her room, the amount of surgical and medical treatment, the expenses incurred on that account, and that she was permanently injured.

To this complaint the appellant filed a motion to strike out certain allegations. The motion is predicated upon the ground that the allegations are immaterial and irrelevant; that each allegation states a conclusion of law, and is harmful to the rights of appellant. The court overruled the motion. One of the grounds for the motion is that the allegation, "that notwithstanding the fact that the manager of said defendant's store had previously injured himself . . .", is not a direct averment of fact that the manager was injured. It is alleged for the purpose only of showing notice to

the appellant or its manager. Other objections are of a similar nature. Overruling the motion to strike out does not constitute reversible error.

Appellant filed a motion to make the complaint more specific. The motion stated that the complaint alleged that the display rack was located near the center of the store adjacent to a narrow aisle between the "metal display racks above mentioned." The objection to that allegation is that no mention had theretofore been made of any metal display racks, and that the allegation should therefore be made more definite and certain. Another ground for the motion is that the complaint does not definitely state whether the metal projection was attached to the box or the display rack. The appellee was asked to make the complaint more specific by stating whether the metal on the packing case or display rack became broken and twisted before being placed in the line of travel, or whether it was broken after being placed in close proximity to the line of travel. Appellee was asked to state more specifically the ground upon which she drew her conclusion "that said defendant negligently and carelessly placed said box and/or display rack thereon in the immediate proximity to the narrow aisle existing between the wooden display racks which were located just south of said last mentioned box and rack . . ."

The appellant appears to be rather technical in its demands for specific allegations as to the nature and location of the metal alleged to be protruding from the display rack. The complaint is lengthy, and probably contains more allegations than are necessary. Under the conditions presented, it seems to be fully specific to inform the appellant of all facts necessary to explain the location of the display rack and orange crates, when it is considered they were located in the appellant's store, under its control, and no one could have a better knowl-

edge of the location, construction, and condition of the box than the agent and employee of the appellant, particularly when it was alleged that he had been injured upon the same projection, and his attention was called to the condition of the crate at the time, and an examination was then made. It is not apparent that overruling the motion to make more specific constitutes error.

Appellant assigns error upon the overruling of its demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleged notice of the defect; appellee's lack of knowledge thereof; protrusion of a piece of metal into a narrow aisle leading to the display case, where the appellee was invited by the manager; the injury sustained, and resulting proximately from the dangerous condition of the display rack negligently maintained by appellant, together with other allegations which make it sufficient.

While it is recognized that the proprietor of a store is not burdened by law with any unusual degree of care for the safety of customers, and in that regard is required only to exercise ordinary care to keep his store in a reasonably safe condition, and is not an insurer of the safety of his customers, nevertheless, he must maintain it in such manner as not to cause injury to one lawfully entering the store for the purpose of making purchases. The allegation that the metal piece protruded from a box at a place where the aisle was narrow and not well lighted, and the metal could not be seen by the customer without an examination, when taken into consideration with all the other allegations, states a cause of action sufficient to withstand the demurrer. There was no error in overruling it.

The appellant contends that the verdict is not sustained by sufficient evidence and is contrary to law. The appellee was her sole witness upon what occurred in

appellant's store. She stated that, at the time she sustained the injury, she called the manager's attention to the fact that she was injured; that the blood was running from the wound to her shoe; that the manager showed much interest and cautioned her to see a doctor at once and report her condition to him; that she left her groceries at the store, and went in quest of a physician.

She testified that a metal piece was located upon the box which formed the base of the banana display rack; that the metal piece protruded into the narrow aisle. The manager of the store and the one clerk employed testified that no such conversation was had between the appellee and appellant's manager; that she made no complaint at the time she purchased the bananas, but later returned to get her groceries, and then told the manager that she had injured her leg while in the store. They testified that they then examined the display rack and the boxes, and there was no metal protruding therefrom; that the metal binders on the orange crates were removed before the boxes were used in the construction of the rack; that the manager constructed the rack and knew positively that no metal was attached to any part of it; that the place was well lighted.

Aside from these important facts the appellee introduced evidence showing that, on account of infection caused by the injury, she was ill for a long time, compelled to spend a large sum of money in an effort to be cured, and suffered much from the injury. These latter facts are not in dispute.

When the facts concerning the conditions existing in the store which caused the injury are considered, the court is impressed with the conflict in the evidence and the possible weakness of appellee's case. But the court is confronted with the age-old rule that, under the conditions here existing, the

weight of the evidence was first for the jury to determine. The jury returned a verdict for the appellee. Then the matter was presented to the trial court upon a motion for a new trial. The trial court, sitting as the thirteenth juror, heard all the evidence, observed the witnesses, their manner and appearance while upon the witness stand, their candor and fairness, and was in a position to determine their credibility. This court is not in that position. If the evidence was not sufficient to sustain the verdict, it was the duty of the trial court to have granted a new trial, but it did not do so. On the contrary, it entered a final judgment in favor of appellee. Since there is some evidence to support the judgment, this court is without authority to disturb it.

Appellant objects to instructions Nos. 8 and 13, given by the court on its own motion, as follows:

### NUMBER 8.

"The party having the burden of proof of any issue is required to satisfy your minds by a fair preponderance of the evidence of the truth of her contention as set forth in her complaint. By a preponderance of the evidence is meant the greater weight of the evidence. It does not necessarily depend upon the number of witnesses testifying on the one side or the other, but if the party having such burden has proven her contention by such evidence as satisfies and produces conviction in your minds, then she has proven such issue by a fair preponderance of the evidence. If the evidence is evenly balanced upon any material question, your findings upon that question should be against the party having the burden of proof in that regard, as under such circumstances said party has failed to sustain the burden of proof on such issue by a fair preponderance of the evidence."

### NUMBER 13.

"If you find from a preponderance of all the evidence in this case that the metal binding on the display rack or case was broken and twisted and

that the condition of the broken metal binding complained of had been brought to the notice of the defendant prior to the accident or that the said alleged defect had existed for such space of time before the accident as would have afforded the defendant sufficient time and opportunity to make. proper investigation and repairs so as to make the same safe for the customers in said store and that the said defendant failed and neglected to make such repairs and by reason of such condition of such metal binding and such failure to repair the same plaintiff was injured without fault on her part, proximately contributing to her injury, then your finding should be for the plaintiff."

No objection is made to the other instructions given by the court which were numbered from one to twenty-four inclusive, and upon the whole fairly state the law of negligence applicable to this case. It is difficult to understand why appellant objects to instruction No. 8. In fact, it is a stock instruction frequently given and correctly states the law. The appellant's objection to instruction No. 13 is that it does not contain all the elements necessary for recovery by the appellee, but instruction No. 14, and others given, contain those elements. No reason appears why the judgment should be reversed on account of giving this instruction.

Appellant predicates error upon the refusal of the court to give appellant's tendered instruction No. 7. The proposition involved in the tendered instruction is fully covered by the court's instruction No. 14.

While testifying as a witness in her own behalf, the appellee was asked to state what was said by the manager of appellant's store at the time she received the injury. Objection thereto was based upon the ground that the principal could not be bound by anything its agent, the manager, may have said to the appellee at that time. The court overruled the objection and permitted the appellee to answer, that the manager

said to her that she must have it (the injury) taken care of right away and send the bill to him. There is a dispute between the appellant and appellee as to whether appellee was injured at all in appellant's store. The evident purpose of this testimony was to support appellee in her contention that the injury was caused as she had described. In any event, it is a conversation had immediately upon sustaining the injury, and is a part of the *res gestae*.

The appellant predicates error upon the misconduct of the juror, Nellie Bartholomew, and supports its proposition by affidavit of one of appellant's attorneys. The affidavit recites that Nellie Bartholomew, who had been sworn and was serving as a juror in the case, on her *voir dire* stated that she had neither formed nor expressed an opinion with reference to the merits of the cause; also, that if facts brought out upon the trial should recall to her mind any information which she might have obtained from other sources, she would disregard such information and determine the case solely by the evidence; that, on October 22, 1935, during the progress of the trial, the juror engaged in a lengthy conversation with the plaintiff as they were entering the courtroom at the noon hour. The nature of the conversation was not stated. The affidavit further stated that, during the deliberation of the jury upon its verdict, and about the hour of 11:00 o'clock in the evening, the deliberations became so heated and loud that affiant heard the same while seated in an adjoining room, and heard the juror state to other members of the jury "that during the summer of 1935, she visited the defendant's store in question and then and there saw the original boxes or crates constituting the banana rack mentioned in evidence and that she saw a strip of tin or metal extending out from the side of said rack and that said condition existed at that time";

that another member of the jury said in answer thereto, "that being the case the defendant should be taught a lesson"; that this was a vital question in the case.

In order to contradict the affidavit filed, the plaintiff answered by filing the affidavit of the juror, Nellie Bartholomew, in which she said that, at the noon hour on October 22nd when returning from her lunch, she did meet the plaintiff on the stairway leading to the court-rooms; that plaintiff had alighted from an automobile driven by a Mrs. Osborne; that the plaintiff said to affiant that Mrs. Osborne was a wonderful woman, and affiant replied by saying that she did not know Mrs. Osborne, and inquired if she was the mother of Garret Osborne; that plaintiff replied that she was his mother and asked the juror if she knew him, to which the juror replied that he married her niece a few weeks before; that there was some conversation concerning young Osborne; that nothing was said upon any other subject. In answer to what was stated in the motion for a new trial concerning the misconduct of the juror in the jury room, she said that one juryman, during the deliberation of the jury, said he didn't believe that the defendant ever had a display rack in the store as described by the plaintiff in her testimony; that affiant in reply said she knew that plaintiff did have such rack a few weeks prior to the trial, for the reason that she and her daughter were in the store and saw such rack upon which cookies were displayed; that at that time a piece of metal was protruding from one of the boxes, and her daughter cautioned her to be careful not to tear her dress; that affiant did not say she saw the original box constituting the banana rack, but saw the boxes or crates at another time; that this was the only conversation had between her and the other member of the jury; that she did not make this statement to the other members until after the jury had agreed that the de-

fendant was liable to the plaintiff for damages, and was made when the jury was considering the amount the plaintiff should recover.

The appellant's statement shows that the latter fact was learned by its attorney about 11:00 o'clock, P. M.; that the verdict was not returned until the next day. It characterizes the conduct as reprehensible upon the part of the juror and sufficient reason to grant a new trial.

Appellant relies upon *Hutchins* v. *State* (1894), 140 Ind. 78, 39 N. E. 243; *Cleveland, etc., R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 96 N. E. 815. The Hutchins case is a strong one in support of appellant's contention. In that case the prosecuting attorney, after adjournment of court, stated to one of the jurors that he was going past the juror's home that evening, and asked if he cared to send any word to his folks. The juror first replied that he did not, and then stated that if the folks were home to tell them to feed the prosecutor's horse, give him his supper, and keep him over night. The conversation showed a friendly attitude between the prosecutor and the juror. In discussing the question, when presented as a ground for a new trial, the court commented upon the acts of kindness and sympathy existing between the juror and the prosecutor, and stated that ordinarily kindness was a virtue, but under the circumstances such acts of kindness and sympathy should not have been expressed between the prosecutor and the juror at that time, and stated that in close cases the friendship and sympathy might cause the juror to waver from his better judgment. This juror was foreman of the jury and refused to permit any juryman to express his opinion in their deliberations, unless he did so standing. The court reversed that case, and in doing so, condemned the conduct of the juror and prosecutor, and held that the conduct was reprehensible. Appellant also cited and relied upon *Louisville, New Albany and*

*Chicago Railway Co.* v. *Hendricks* (1891), 128 Ind. 462, 28 N. E. 58; *DeHart* v. *Etnire* (1889), 121 Ind. 242, 23 N. E. 77; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672, 75 N. E. 579.

Upon these and other authorities, the appellant argues that it should have a new trial, and comments upon the fact that the Mrs. Osborne mentioned in the affidavits was a witness for the plaintiff; that her testimony doubtless carried great weight with the juror because of the conversation, and because of learning the fact that Mrs. Osborne's son had recently married the juror's niece.

The appellee, in order to defeat the position taken by appellant, points out that misconduct of a juror will not be cause for a new trial when it was known to the complaining party before the verdict was returned, and no objection was made until after verdict, citing *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 61 N. E. 565, and other decisions. This proposition seems to be well settled in this state. The first conversation was had October 22nd, the second 11:00 o'clock P. M., November 8th; the verdict was returned November 9th. No excuse is given for failure to present the question to the court before the return of the verdict. The conduct of the plaintiff and the juror, and of the juror and her fellow jurymen should be disapproved, and is in itself reprehensible. Jurors must know, as well as litigants, that they should not communicate in the manner here described, and should at all times conduct themselves so as to be above suspicion. As reprehensible as the conduct may be, this court, under the ruling in the Ellis case and others, cannot order a new trial upon this ground.

The record presents a case where the facts are in dispute. The jury believed the plaintiff and returned a

verdict in her favor. The trial court did not disturb the verdict, but put a stamp of approval on it when the motion for a new trial was overruled, and the judgment was entered. Had the verdict and judgment been for the defendant, this court would have been bound thereby. It is too well settled to warrant the citation of authorities, that the Supreme Court will not reverse a case because the evidence is weak or presents a close question of fact. The question was for the trial court and jury.

Judgment affirmed.

## ON REHEARING.

TREMAIN, J.—In its petition for a rehearing the appellant has directed the court's attention to the fact that one specification of the motion to strike out parts of the complaint was sustained. This fact was overlooked by the court in writing the original opinion. The clause stricken from the complaint is the allegation that the manager had been injured previously by coming in contact with the crate. As pointed out in the original opinion, the evident purpose of this allegation was to show notice to appellant. It need not be in the complaint because there are other facts alleged from which the appellant knew, or should have known, of the existence of the metal piece. The allegation is unnecessary to the sufficiency of the complaint or a decision of the cause. Appellee testified as to the existence of the metal, and detailed her conversation with appellant's employee. If necessary, which it is not, this court will deem the complaint amended to conform to the evidence. The injury was sustained in appellant's store where its employee should have notice of existing conditions. The complaint was sufficiently specific to apprise appellant of appellee's charge and demand.

Appellant most earnestly insists that the judgment

should be reversed because it was not sustained by sufficient evidence and that the court erred in giving the instructions discussed in the original opinion. It contends also that the demurrer to the complaint should have been sustained. A further examination of the record convinces the court that no error was committed in these respects, and that the questions are discussed fully in the original opinion.

The petition for a rehearing is denied.