F. W. WOOLWORTH COMPANY *v.* MOORE.

[No. 27,868. Filed May 12, 1943. Rehearing denied June 16, 1943.]

*Jonas G. Howard* and *Ellis Deibel,* both of Jefferson-ville, for appellant.

*Robert R. Kelso,* of New Albany, for appellee.

SWAIM, J.—This is an action for damages brought by appellee for personal injuries alleged to have been caused by the negligence of the appellant in permitting a metal strip, embedded in the tread of one step of a stairway leading to appellant's restaurant, to extend above the surface of the tread.

The first paragraph of the complaint, on which the action was tried, alleged that the appellant was in the possession and control of a building in which it operated a retail store and restaurant; that the restaurant, which was located on the second floor of said building, was reached by an inside stairway which the public

was invited to use for the purpose of going to and from said restaurant; that the appellant carelessly, negligently and improperly suffered and permitted the stairway to become and remain out of repair and dangerous in that a metal strip on the step next to the top of the flight of stairs was "loose, bent and not properly affixed to said step" and "extended above the level of the tread of said step"; that the appellee visited said restaurant as a customer of said appellant and while descending said stairway and while proceeding with due care and caution, she caught her heel on said metal strip, tripped and fell down the flight of stairs thereby sustaining the injuries complained of.

The only error assigned and not waived was the action of the court in overruling the motion for a new trial; and under this assignment the only question presented challenges the sufficiency of the evidence.

We may consider only the evidence tending to support appellee's claim. On the question of the metal strip extending up above the surface of the step, ██ Emma Stone, who witnessed the accident, testified that she looked down and saw that the metal strip was "raised just enough to catch your foot," a quarter of an inch or so; and that as appellee stepped on that step she tripped and fell. Grace Poe, also a witness of the accident, testified that as the appellee stepped on the second step "she fell forward." The appellee said that she remembered nothing after stepping on the step in question but that an examination after the accident revealed that a quarter of an inch of the heel cap had been torn from her shoe. The manager of the appellant's store said that no change was made in the stairway after the accident. Margaret Endris testified that she fell on this same step of said stairway several weeks after appellee's accident; that

when she, the witness, fell, "at the edge of the step there was a metal piece there that threw me, when I stepped there it threw me out head first. My heel caught on the strip." There can be no serious question as to the sufficiency of this evidence to sustain a finding that the metal strip on this step was in such a defective condition as to constitute a danger to appellant's customers using the stairway.

The appellant insists, however, that there was no evidence to sustain a finding that it had either express or implied knowledge of the defect prior to the accident.

While the appellant in operating its store was not an insurer of the safety of its customers, its customers were invitees and the appellant owed them the duty to keep its premises, including this stairway, in a reasonably safe condition for their use. *Great Atlantic & Pacific Tea Co.* v. *Custin* (1938), 214 Ind. 54, 67, 13 N. E. (2d) 542, 14 N. E. (2d) 538; *Hillis* v. *Sears, Roebuck & Co.* (1933), 284 Mass. 320, 187 N. E. 558. Appellant's duty was not fulfilled by having the stairway properly constructed in the first place. The stairway was under constant use by the customers of the store. The appellant's manager testified that at least four thousand persons per week patronized the restaurant to which this stairway was the only means of entrance and exit. Appellant was chargeable with the knowledge that under such use the stairway might get out of repair; and that if the metal strips embedded in the steps became loose and protruded above the surface of the steps they would become a hazard to customers, especially to women in high-heeled shoes, using the steps. It was the duty of the appellant to make such inspections of this stairway as a reasonably prudent person would make under similar circumstances to see that the steps were in a safe con-

dition and that none of the metal strips were loose or protruding above the surface of the step.

In *Hellyer* v. *Sears, Roebuck & Co.* (1933), 62 App. D. C. 318, 67 Fed. (2d) 584, in discussing a case where a woman had been injured by tripping on a metal strip which was "raised up a little bit" so that it caught the customer's heel, the Court of Appeals of the District of Columbia said, "Appellant was an invitee, and, as such appellee owed her the duty of exercising ordinary care to so construct the stairways as to make them safe for a person using ordinary care for his own safety, and likewise owed the duty of inspecting them from time to time to keep them safe."

Appellant has cited the case of *J. C. Penney, Inc.* v. *Kellermeyer* (1939), 107 Ind. App. 253, 19 N. E. (2d) 882, 22 N. E. (2d) 899, on the question of notice, but, as the court there pointed out, it was only discussing a case where the danger arose from some loose object placed upon the floor by some third person without the knowledge of the storekeeper. The court there said that even under those circumstances the storekeeper would be negligent unless he exercised ordinary care in discovering and removing such object.

In the instant case we have a dangerous condition arising not from some foreign object on the step, but from the step itself being either improperly constructed or not properly maintained, a condition which a casual inspection would have revealed. We have the testimony of the manager of the store that there had been no change in the condition of the stairway within a year prior to the accident. The jury had a right to assume that the manager and other employees of the appellant used this stairway many times daily. The janitor testified that he cleaned it twice daily. The manager knew that the stairway was also used daily by

hundreds of patrons. The jury could have found from the evidence that this metal strip extended above the surface of the step for a quarter of an inch or so and that the step had been in that condition for at least a year prior to the accident. This was a defect that any reasonable inspection would have revealed, and the appellant was, therefore, chargeable with notice of it.

The proprietor of a store cannot shut his eyes to a dangerous condition of the premises and then escape liability on the ground that he did not know of the danger. As said by this court in *Great Atlantic & Pacific Tea Co.* v. *Custin, supra,* in speaking of an injury caused by a defective fixture, "The injury was sustained in appellant's store where its employee should have notice of existing conditions." This is certainly true of a dangerous condition of the premises which could have been discovered by a reasonable inspection. The very nature of the defect in the step here was such as to warrant a jury in finding that the defective condition had existed for a space of time sufficient to charge the appellant with notice of the danger. *Swanson* v. *S. S. Kresge Co.* (1939), 302 Ill. App. 455, 24 N. E. (2d) 62; *Dickey* v. *Hochschild, Kohn & Co.* (1929), 157 Md. 448, 146 A. 282.

We are not unmindful of the fact that in the trial of this case the appellant presented very strong evidence tending to show that there was no defect in the step in question. However, the jury and the trial court saw the witnesses and heard them testify and it is their province to weigh the evidence and pass upon the credibility of the witnesses. Their determination of these matters cannot be disturbed by this court.

The judgment is affirmed.

NOTE.—Reported in 48 N. E. (2d) 644.