ROBERTSON BROTHERS DEPARTMENT STORE, INC. v. STANLEY

[No. 28,523. Filed March 16, 1950. Rehearing denied June 7, 1950.]

Young, J., not participating.

*Seebirt, Oare & Deahl,* of South Bend, for appellant.

*Doran & Manion,* of South Bend, for appellee.

EMMERT, J.—This appeal, which has been transferred to this court from the Appellate Court pursuant to § 4-209, Burns 1946 Replacement, is from a judgment in the sum of $1,500 for personal injuries sustained by the appellee as a result of her falling upon the floor of the store operated by appellant in the City of South Bend. The error assigned on appeal is overruling of a motion for new trial.

The complaint alleged in substance that appellee as an invitee entered upon the appellant's premises with the intent and purpose to make a purchase. The complaint charged that "the floors inside of the entrance on the ground floor of said building were covered with linoleum or some similar material upon which said flooring the said defendant had carelessly and negligently applied some substance or polish, which caused the same to be very slippery, which fact was known to the defendant."

The complaint further averred that on the day of the fall "it had been snowing and numerous persons who entered said store caused slush and snow to accumulate on said highly polished floor which rendered the same more slippery, which said facts were well known to the defendant, and notwithstanding said facts they carelessly and negligently failed to remove such slush and snow and failed to place any mats or other material on said floor to make it safe for persons entered therein." It further stated "that because of the carelessness

and negligence of the defendant as hereinbefore described she slipped and fell, because of the slippery condition of the floor, and as a result thereof she suffered" personal injuries to her damage in the sum of $5,000.

The evidence is conflicting as to the amount of snow, slush or water present near or where appellee fell, the condition of the floor and safety precautions that were taken by appellant, but when the evidence is viewed most favorably to the appellee the jury could properly have found the facts as follows: Appellee was a dressmaker and as an invitee entered the store through a revolving door in order to make a purchase of merchandise. It was a snowy day, and she was wearing galoshes. There was snow and slush inside the door which was melting and further from the door water was tracked upon the floor, which was covered with battleship linoleum and highly polished. There was no non-skid mat or runner inside the door covering the floor where the snow, slush and water was tracked by numerous customers. Water caused the floor to be slippery and other persons, including sales ladies of the appellant, had previously slipped on the floor inside the door, which condition was known to appellant.[1] A short distance

[1] Upon cross-examination appellant's superintendent and traffic manager testified as follows:

Q. "What is the purpose of putting mats on the floor down the aisles?"

A. "Well it tends to keep the customers from slipping just as they step inside the door. Have to scrape off the snow if there is any, on their feet."

Q. "Water causes them to be slippery."

A. "Water does."

Q. "And the purpose of the rubber mat is to prevent your customers from slipping."

A. "Yes."

The general maintenance employee of the appellant testified as follows:

from the door, appellee slipped on the floor, which was wet and slippery, and in the fall broke her arm. Water caused the linoleum to be slippery.

"While it is recognized that the proprietor of a store is not burdened by law with any unusual degree of care for the safety of customers, and in that regard ██ is required only to exercise ordinary care to keep his store in a reasonably safe condition, and is not an insurer of the safety of his customers, nevertheless, he must maintain it in such manner as not to cause injury to one lawfully entering the store for the purpose of making purchases." *Great Atlantic and Pacific Tea Co.* v. *Custin* (1938), 214 Ind. 54, 59, 13 N. E. 2d 542, 14 N. E. 2d 538. "Invitation, whether express or implied, imposes the duty to use ordinary care that the place of invitation be reasonably safe for the invitee." *Silvestro* v. *Walz* (1943), 222 Ind. 163, 170, 51 N. E. 2d 629. "This duty is an active, continuous one. It owed her the duty of protection against injury through negligent acts of its employees." *Sears, Roebuck & Co.* v. *Peterson* (CCA 8th, 1935), 76 F. 2d 243, 246. See also *J. C. Penny, Inc.* v. *Kellermeyer* (1939), 107 Ind. App. 253, 19 N. E. 2d 882, 22 N. E. 2d 899; *F. W. Woolworth Company* v. *Moore* (1943), 221 Ind. 490, 48 N. E. 2d 644.

Where the facts relative to negligence and contributory negligence are disputed, or where more than one

---

Q. "As a matter of fact you have had quite a few people slip there."

A. "No, not a lot; we had a few. . . ."

Q. "You know even your sales ladies have slipped on that floor there that is true."

A. "Yes."

inference can be drawn from the facts, the question of negligence or contributory negligence is one of the jury. *Johnson* v. *Wilson* (1937), 211 Ind. 51, 5 N. E. 2d 533; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Clevenger* v. *Kern* (1935), 100 Ind. App. 581, 197 N. E. 731; *Baltimore & Ohio R. Co.* v. *Reyher* (1939), 216 Ind. 545, 24 N. E. 2d 284. On appeal we are not in a position to determine the credibility of the witnesses, and we only consider the evidence, together with the reasonable inferences that may be drawn therefrom, which tend to support appellee's claim. *F. W. Woolworth Company* v. *Moore* (1943), 221 Ind. 490, 48 N. E. 2d 644, *supra*.

Under the evidence in this case, the jury had the right to infer that the appellant had placed upon the floor some sort of glaze or wax which was highly polished and caused the floor to be slippery, especially when the wet snow or water was tracked in. The appellant's witnesses testified that several times that day before appellee fell the appellant's employees had swept away the snow and mopped up water, and did so again immediatey after she fell; that after the fall they placed some sort of paper upon the floor where it was wet. Appellant's position at the trial was that there was a rubber mat or runner extending inward from the door, and it is hardly in a position to now assert that the jury was not entitled to find the failure to have such a mat, as was testified to by appellee and one other witness, was a failure to exercise due care under the circumstances. Nor is this court at liberty to say as a matter of law that the appellee was guilty of contributory negligence after she had passed through the revolving door where there was melted snow and water. Until she had notice to the contrary, she was entitled to assume that the appellant had exercised due

care for its customers. The verdict was sustained by sufficient evidence and was not contrary to law. There was no error in refusing to direct a verdict for appellant.

The appellant's motion for a new trial fails to state the objections, or the substance thereof, directed to certain statements made by appellee's counsel "in the presence of the jury and in the closing arguments on the trial." The same reasons for requiring objections, or the substance thereof, to the admission of evidence to be set forth in the motion for new trial require that objections to alleged misconduct of counsel be set forth in the motion for a new trial, and in the absence thereof the alleged error is waived.

We fail to find that the appellant has presented any error in the giving of any of the appellee's requested instructions. Appellee's requested instruction No. 3 did not assume any fact in controversy and, as previously held, there was some evidence on each allegation of negligence contended in the complaint. The burden of proof on contributory negligence was on the appellant, and we cannot say as a matter of law that the evidence conclusively established appellee was guilty of any contributory negligence.

The objections to appellee's requested instruction No. 4 are based upon the theory that there was no evidence whatever of negligence in applying some substance or floor polish upon the floor. This contention has already been decided adversely to appellant, and there was no error in giving the instruction.

Rule 1-7 requires that objections to the giving of instructions must be specific to "be available as a cause for a new trial or on appeal." The objection to appellee's requested instruction No. 6 was too general to comply with this rule.

Appellee's requested instruction No. 7 stated that "while the defendant in operating its store was not an insurer of the safety of its customers, its customers were invitees and the defendant owed them the duty to keep its premises, including the floors, in a reasonably safe condition for their use." This was a correct instruction on the law involved in the case. As to whether the appellant had breached its duty as charged in the complaint was a question for the jury.

Appellee's requested instruction No. 8 was not confusing, and was applicable to the evidence in the case. The instruction in part stated that "It was the duty of the defendant to make such inspections of its floors as a reasonably prudent person would have made in view of the circumstances prevailing on the day of the injury of Mrs. Stanley." Appellant's witnesses conceded that it had been snowing and that it was being tracked in, that the servants of appellant at various times had mopped up the floor, so that there was no question about notice of the condition being brought to the attention of appellant. As to whether or not appellant used due care in inspecting the floor was a question for the jury.

Appellee's requested instruction No. 9 is not to be commended. But under the evidence in this cause and when considered with all the other instructions given to the jury it was not reversible error. It is not subject to the objection that it did assume a dangerous condition of the premises existed, especially in view of other instructions given. The court's instructon No. 1 in part told the jury, "It is for you, and you alone, to determine what facts have, or have not been proven in this case. The Court has no right to assume that any fact, or facts, have, or have not, been proven, and, if the Court has at any of its

instructions, or in any manner, assumed that any particular fact, or state of facts, exists, you will disregard such assumption and find the facts for yourselves, independent*ly* of any assumption by the Court." By appellee's requested instruction No. 2 the jury was again told that it was the judge of what facts had been established by the evidence, and by appellee's requested instruction No. 7, the jury was told that the defendant was not an insurer of the safety of its customers. By appellee's requested instruction No. 8 the court told the jury that the duty to inspect the floors was such as a reasonably prudent person would have made in view of the circustances prevailing on the day of the injury.

Appellant's requested instructions Nos. 1, 2, 3, and 5 each would have required the court to instruct the jury to return a verdict for appellant. The court correctly refused each of these.

Appellant's requested instruction No. 4 would have instructed the jury as a matter of law that there was no evidence to submit to the jury on the question of appellant having applied some substance or polish on the floor as charged in the complaint, and that therefore the jury should return a verdict for appellant. This contention has already been decided adversely to appellant.

The appellant's contention on appeal is that the complaint charged several acts of combined negligence which, taken in combination, caused the injury, and which would not have resulted in the absence of either one of said acts or omissions, and that therefore it was necessary to prove all of the negligent acts or omissions. Indiana has recognized the rule that, "In a case where two concurring acts of negligence are alleged to have been committed by the

same party, from which an injury results, and which injury would not have resulted in the absence of either one of said acts, in order to sustain a recovery for damages in such a case, it is necessary to prove both of the negligent acts, . . ." *Southern Indiana Gas, etc., Co.* v. *Winstead* (1931), 92 Ind. App. 329, 333, 175 N. E. 281. See also *Indiana Match Co.* v. *Kennedy* (1910), 45 Ind. App. 627, 90 N. E. 486; *Merica* v. *Fort Wayne etc. Traction Co.* (1912), 49 Ind. App. 288, 97 N. E. 192; *Terre Haute and Indianapolis Railroad Co.* v. *McCorkle* (1895), 140 Ind. 613, 40 N. E. 62; *Lake Shore, etc., R. Co.* v. *Myers* (1912), 52 Ind. App. 59, 98 N. E. 654, 100 N. E. 313; *Indianapolis Street R. Co.* v. *Slifer* (1905), 35 Ind. App. 700, 74 N. E. 19; 45 C. J. 1129, § 712. But this proposition was not properly presented to the trial court by any requested instruction or objection so that there is nothing on this issue now to review. There was some evidence to sustain each allegation of negligence, and appellant should have properly presented this contention in the trial court in the first instance.

The judgment is affirmed.

Young, J., not participating.

NOTE.—Reported in 90 N. E. 2d 809.