SIMS MOTOR TRANSPORT LINES, INC. *v.* DAVIS, ADMINISTRATRIX OF ESTATE OF DAVIS, DECEASED.

[No. 18,626. Filed November 17, 1955. Rehearing denied December 19, 1955. Transfer denied March 28, 1956.]

*Raymond F. Hayes,* of Chicago, and *Montgomery & Montgomery,* of Seymour, for appellant.

*James J. Regester, Regester & Regester,* of Bloomington, and *Thomas H. Branaman, Branaman & Markel,* of Brownstown, for appellee.

KENDALL, P. J.—Appellee instituted this action in the lower court for damages for breach of contract as a result of the alleged failure of appellant to procure insurance upon the life of John Max Davis, hereafter referred to as the decedent, against death or bodily injury.

Decedent owned his own tractor and leased a trailer from appellant. He paid the expenses of operating the tractor and for his compensation therefor received seventy-five (75%) percent of the amount collected for freight hauled, less one-half of one (1%) percent, which appellee claimed was deducted for insurance for death or bodily injury, while the appellant maintains that the deductions were for workmen's compensation insurance. While so-working, decedent was killed in a collision with another truck. His widow was duly appointed the Administratrix of his estate. Damages were recovered by appellee against the owner of the

other vehicle for decedent's death in the sum of Thirteen Thousand ($13,000.00) Dollars.

Appellant's answer to the paragraph of complaint upon which the action was submitted to the jury was to the effect that appellant never agreed to procure any insurance on decedent except workmen's compensation insurance, which it did, and that appellee elected to sue the owner of the other truck involved in the collision, thus waiving any rights under the Workmen's Compensation Act.

Trial by jury resulting in a verdict and judgment in favor of appellee for Ninety-Five Hundred ($9500.00) Dollars, of which amount One Thousand ($1,000.00) Dollars was remitted by appellee.

Appellant's motion for new trial alleged that the verdict is not sustained by sufficient evidence and is contrary to law, excessive damages and error in the assessment thereof, they being too large, error of law in the court's refusing to permit appellant's witness to explain the meaning of the initials, "W. C." and "W. Comp." on work-slips, error of law in the court's refusing to give peremptory instructions tendered by the appellant, instructing the jury to return a verdict in its favor, error of law in the court's giving to the jury plaintiff's tendered instruction number six. The motion also alleges error of court in refusing to give tendered instruction number eight. This is waived on account of failure to argue or brief that particular point.

The Assignment of Error is the overruling of the motion for new trial.

The question proposed is, was there an agreement on the part of the appellant to procure insurance other than workmen's compensation insurance upon the life of the decedent?

Evidence which the jury considered in arriving at its conclusion as to whether or not such an agreement existed and whether or not decedent's estate had been damaged briefly is as follows: Decedent began hauling for appellant April 10, 1950, and continued until his death, December 11, 1951; appellant never furnished proof to appellee's estate that they had in force insurance of the kind mentioned upon decedent's life. After decedent's death, there were several conversations between the widow and Mr. Goode, appellant's Bloomington manager, in which Mr. Goode advised the widow that he knew the company had plenty of insurance on decedent in the sum of Eighty Five Hundred ($8500.-00) Dollars, and instructed her to bury him any way she desired; that he did not have the policy, but that he had one in Chicago at the main office, whereupon the Administratrix, her counsel and an office employee of appellant, went to the Chicago office to see the policy. Mr. Sims, President of appellant company, showed two policies, one of which was purchased after decedent's death, and the other a workmen's compensation policy. The counsel inquired of Mr. Sims as to what Mike Davis got for his money, to which Mr. Sims replied in effect he guessed he got nothing and he thought the money should be returned. A check thereafter was tendered by appellant company for Two Hundred ($200.-00) Dollars, marked "Insurance Paid in Advance", which was refused by the Administratrix.

The Administratrix testified that when Mr. Goode spoke of Eighty Five Hundred Dollars' worth of insurance that he did not tell her that it was workmen's compensation insurance but stated that the appellee administratrix would get Eighty Five Hundred ($8500.00) Dollars; that he was sure of that, but for each dependent, he could not say.

At decedent's death, he was thirty-three (33) years of age.

During the period of the working arrangement, no tax or assessment was paid on the life of decedent for social security. There was evidence that the company did not collect social security from owner-operators since they were working for themselves, they being contractors.

Mr. Goode, the manager, testified that he thought at the time of decedent's death that he was covered and that the deductions from the amounts owing by appellant to decedent were made as a part of the business arrangement between appellant and Mr. Davis in that the insurance was to be procured through the Chicago office and no one else. Witness further stated that if there was any insurance coverage carried by appellant upon decedent's life at the time of his death, it could not have been workmen's compensation because decedent was not an employee.

The insurance carrier of appellant company wrote appellee's counsel as follows:

" . . . We have completed our investigation in this case and it discloses that at the time of this accident Mr. Davis was a contract hauler with the Sim's Motor Transport Lines and was operating his own equipment. In view of this fact he would be an independent contractor and not subject to the provisions of either the Illinois or Indiana Workmen's Compensation Acts, inasmuch as the relationship of employer and employees did not exist. . . ."

In view of appellant's contention, we cannot overlook the following question propounded to Mr. Goode and the answer given:

"Q. Now referring you again to the arrangement between the defendant, Sims Motor Trans-

port Lines, Incorporated and with John Max Davis, I think you said at the time he began performing services, for the Sims Company, in reference to these deductions, tell the Court and Jury, whether or not, those deductions were made in order to procure and pay the premiums on insurance, insuring the life of, in case he should lose his life, of John Max Davis?

"A. I understand that it did, yes."

There was retained from decedent's salary by appellant in 1950, Thirty Dollars and One Cent ($30.01), and Thirty Two Dollars and Thirty-three Cents ($32.-33) in 1951. An insurance man testified to the effect that a person of decedent's age, in good health, could have bought Ten Thousand ($10,000.00) Dollars' worth of accidental death insurance for Fifty-two Dollars and Forty-three cents ($52.43).

The evidence was of such a nature that the jury could have, and did, determine that the acts and the conduct of the parties were not in harmony with appellant's contention. Mr. Goode was the only survivor or witness to the arrangement made with the decedent. He testified that he understood that the deductions from the decedent's wages were for the purpose to procure and pay premiums for insurance on the life of decedent in case of his death. Upon this evidence this court cannot say as a matter of law that there is a total lack of evidence or evidence from which reasonable inferences can be drawn to establish the necessary elements of appellee's complaint. In determining the sufficiency of the evidence to sustain the verdict, we are bound by the rule that if there is some evidence or reasonable inferences that may be drawn therefrom to sustain each material element essential to a recovery, we must affirm judgment.

On appeal we may not weigh the evidence. We may only consider the evidence most favorable to the appellee. After a complete review of the evidence in this case, we think it is sufficient under the rules announced to sustain the averments of the complaint as found by the jury as to an agreement on the part of appellant to purchase insurance other than workmen's compensation on the life of the decedent. *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453; *F. W. Woolworth Company* v. *Moore* (1943), 221 Ind. 490, 48 N. E. 2d 644; *Robertson Bros. Dept. Store* v. *Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809; Flanagan, Wiltrout & Hamilton, *Indiana Trial and Appellate Practice,* p. 366, §2786. This court cannot presume anything in favor of appellant to sustain alleged errors not shown in the record.

If the jury believed, which by their verdict they did, that sufficient money was retained from decedent's salary to purchase accidental death insurance of the value of Eighty-Five Hundred ($8500.00) Dollars, and that such money was retained for that purpose and failed to do so, the jury was reasonably justified, in view of all other evidence introduced, in finding that there was an agreement to carry the insurance in that amount, that there was a failure to do so, and that such damages are not excessive. *Criswell* v. *Riley* (1892), 5 Ind. App. 496, 30 N. E. 1101; *Progress Laundry Co.* v. *Schweik* (1947), 332 Ill. App. 408, 75 N. E. 390.

Appellant alleges error of the trial court in its refusal to permit their witness on direct examination to explain the meaning of the initials, "W. C." and "W. Comp." on the work-slips. The motion for new trial recites the question asked, the objection thereto, but there is no recital of an offer to prove

as to what the witness would testify to if permitted to do so. Failure to make an offer to prove prevents any question being considered on this specification. It has been held that no question is raised on appeal where an offer to prove is not made in connection with the question asked on direct examination. *Public Serv. Comm.* v. *Indianapolis Rys.* (1947), 225 Ind. 656, 76 N. E. 2d 841; *Romona Oolitic Stone Co.* v. *Weaver* (1912), 49 Ind. App. 368, 97 N. E. 441; Flanagan, Wiltrout & Hamilton, *Indiana Trial and Appellate Practice,* p. 491, §1994.

Nevertheless, appellant could not have been harmed by refusal to permit the explanation of the initials as the record is replete as to appellant's versions of the insurance matters.

Appellant complains that the court erred in giving appellee's instruction number six. The court did not give instruction number six which is complained of, thus no question is presented in this specification. It is true that appellee did tender instruction number six to which objection was made by the appellant; thereafter, it was modified by the court and the modified instruction was given to which no objection was made by appellant. Under Rule 1-7 of the Supreme Court, specific objection to an instruction is required and no objection to an instruction can be made on appeal that was not made in the trial court. *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106. If appellant had an objection to modify instruction number six, it was their duty to comply with Rule 1-7, *supra.*

The verdict is sustained by sufficient evidence and is not contrary to law. Judgment affirmed.

NOTE.—Reported in 130 N. E. 2d 82.