Christopher PLANT and Susannah
Plant, Plaintiffs–Appellants,

v.

HOWARD JOHNSON'S MOTOR LODGE,
# 294 Company and John Doe, the clerk
on duty January 5, 1982, whose true
Christian name is unknown, Defend-
ants–Appellees.

No. 3–885 A 213.

Supreme Court of Indiana.

Nov. 2, 1987.

William T. Enslen, Enslen, Enslen & Mat-
thews, Hammond, for plaintiffs-appellants.

Joseph Stalmack, Gavin, Stalmack, Kir-
schner & Clark, Hammond, for defendants-
appellees.

ON PETITION TO TRANSFER

Transfer denied.

PIVARNIK, Justice, dissenting to denial
of transfer.

I dissent to the majority's denial of trans-
fer brought by Defendants–Appellees Ho-
ward Johnson's Motor Lodge. While I
agree that entry of summary judgment by
the trial court was inappropriate because of
the particular facts of this case, I am dis-
turbed by the holding of the Court of Ap-
peals.

The Legislature has addressed an inn-
keeper's liability for the property of its
guests. Ind. Code Ann. § 32-8-28-2
(Burns Supp.1987). I agree with the Court
of Appeals that this statute does not apply
in the instant case since the statute is
directed to property brought into a hotel or
inn. Therefore, the moving van and its
contents parked in an outside parking lot
are not subject to Ind. Code § 32-8-28-2.

I further agree with the Court of Ap-
peals in its holding that there was no bail-
ment for hire or for mutual benefit created
here. No actual or constructive delivery of
possession to the motel occurred since the
Plants retained the keys and the parking
lot was open. *Plant v. Howard Johnson's
Motor Lodge* (1986), Ind.App., 500 N.E.2d
1271, 1273.

It is also elementary that our tort law
imposes liability for the failure to use ordi-
nary care where there is a duty to do so.
Whether such a duty exists is a question of
law that arises from some relationship be-
tween the parties. *Neal v. Homebuilders,
Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280,
*reh. denied* 232 Ind. 160, 111 N.E.2d 713.

Here, however, the Court of Appeals im-
posed a specific duty on innkeepers to their
patrons, stating:

> It seems equally beyond dispute in mod-
> ern society with its love of and depend-
> ence upon travel by motor vehicle that
> available parking for such vehicles is an
> integral and essential ingredient to estab-
> lishing the relationship. From this we
> may unhesitatingly conclude that such an
> innkeeper has incurred the duty to exer-
> cise ordinary care to prevent loss or dam-
> age to the vehicles of its guests.

*Plant,* 500 N.E.2d at 1274. No authority is
cited for this holding and my research de-
velops none to support it. I fear this hold-
ing will cause confusion among the trial
lawyers and trial judges who attempt to
interpret and apply it.

Are we creating a new "judge-made inn-
keepers' liability law" by imposing this spe-
cial duty on innkeepers who supply parking
lots because of modern society's love for,
and dependence on, travel by motor ve-
hicle? Further, will this holding apply to
all businesses supplying parking lots to
their patrons? The argument can equally
be made that modern society's dependence
on motor vehicles demands parking lots as
an integral part of business sites for the
convenience of business patrons. Such is
true of modern shopping centers, general
merchandise stores, grocery stores, drug
stores, restaurants, medical facilities, and
virtually every kind of commercial service
society enjoys. If such is to be the law, it
ought to be enacted by the Legislature, as
the direct representative of Indiana citizens
with a primary duty of making policy
changes in our laws based on developments

in our society such as those expressed by the Court of Appeals here.

Indiana law regarding the duty owed by a business furnishing a parking lot to patrons is expressed in *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821. *Hammond* sets out that a patron of a business is a business invitee and that a business landowner owes a duty of ordinary reasonable care to maintain business premises in a reasonably safe condition.

" 'While it is recognized that the proprietor of a store is not burdened by law with any unusual degree of care for the safety of customers, and in that regard is required only to exercise *ordinary care* to keep his store in a reasonably safe condition, and is not an insurer of the safety of his customers, nevertheless, he must maintain it in such manner as not to cause injury to one lawfully entering the store for the purpose of making purchases.' *Great Atlantic and Pacific Tea Co. v. Custin,* (1938), 214 Ind. 54, 59, 13 N.E.2d 542, 544, 14 N.E.2d 538. 'Invitation, whether express or implied, imposes the duty to use ordinary care that the place of invitation be reasonably safe for the invitee.' *Silvestro v. Walz,* (1943), 222 Ind. 163, 170, 51 N.E.2d 629. 'This duty is an active, continuous one. It owed her the duty of protection against injury through negligent acts of its employees.' *Sears Roebuck & Co. v. Peterson* (CCA 8th, 1935) 76 F.2d 243, 246. See also *J.C. Penny [Penney], Inc., v. Kellermeyer* (1939), 107 Ind.App. 253, 19 N.E.2d 882, 22 N.E.2d 899; *F.W. Woolworth Co. v. Moore* (1943), 221 Ind. 490, 48 N.E.2d 644.' (emphasis added)."

*Hammond,* 262 Ind. at 87, 311 N.E.2d at 825, citing *Robertson Brothers Department Store v. Stanley* (1950), 228 Ind. 372, 378, 90 N.E.2d 809, 811. *Plant* imposes a duty on innkeepers and perhaps all commercial businesses beyond these well recognized duties. In addition to providing that by its negligence it will not cause harm to a patron using its parking lot, *Plant* now adds the duty to provide for the safe-keeping of the patrons' property on the parking lot from interference, damage, or theft by third parties. *Plant,* 500 N.E.2d at 1274.

I believe the Court of Appeals was correct in finding summary judgment was inappropriate because of the particular facts of this case. There appears to be evidence that the patron inquired as to the safety of his property and was assured by the innkeeper that the property would be safe on that lot since there was security provided by the innkeeper. These facts may justify presenting the issue to the trier of fact.

I would grant transfer and clarify the issue of liability to a business invitee.

SHEPARD, C.J., concurs.