## J. C. PENNEY, INC. v. KELLERMEYER

[No. 16,064. Filed March 21, 1939. Rehearing denied October 18, 1939. Transfer denied December 12, 1939.]

254

*James W. Fesler, Harvey J. Elam, Howard S. Young, Irving M. Fauvre,* and *Howard S. Young, Jr.,* for appellant.

*Jessie Levy, Cornelius Weaver, John J. Shusler,* and *David A. Myers,* for appellee.

CURTIS, C. J.—This was an action, brought by the appellee, against the appellant, the owner of a department store, for damages on account of personal injuries alleged to have been sustained by the appellee while she was a customer in said store.

The issues were formed upon a complaint in two paragraphs, to each of which a general denial was filed. The defendant (appellant) submitted certain interrogatories to be answered by the plaintiff (appellee) which under the order of the trial court were

answered. These interrogatories and the answers thereto will be noticed later in this opinion.

Upon the issues made by the complaint and the answers in general denial the cause was tried before a jury resulting in a verdict for the appellee in the sum of Two Thousand ($2000.00) Dollars upon which judgment was duly rendered. The appellant seasonably filed a motion for a new trial which was overuled with an exception and this appeal was thereafter prayed and perfected. Before answering the appellant filed a motion to make the first paragraph of the complaint more specific which was overruled, but any alleged error as to said ruling has been waived by the failure to present in this court.

The only error relied upon for reversal and presented to this court is the ruling on the motion for a new trial. This motion contains twelve causes or grounds which may be summarized as folows: The verdict of the jury is not sustained by sufficient evidence; is contrary to law; excessive damages; refusal to give a peremptory instruction requested by the appellant; error in giving each of the first and second instructions tendered by the appellee; error in giving of its own motion each of the court's instructions numbered one to twenty inclusive; error in admitting certain specified items of evidence; misconduct of the prevailing party occurring at the trial in connection with evidence as to the fact that the appellant carried insurance covering damage to patrons. In this connection the appellant twice moved that the submission be set aside which motions were overruled with exceptions. We set out in full cause number eleven of the motion for a new trial as follows: "11. There was error of law occurring at the trial in that when the witness James Shepherd was testifying on cross-examination plaintiff's attorney asked, 'Did you pay, or

any one to your knowledge connected with the Employers Liability Assurance Corporation, or the J. C. Penney, Inc. pay Mrs. Perkins any money in reference to that accident?' to which the defendant made the following objection, 'We object. It is wholly immaterial whether they paid Mrs. Perkins any money. He also testified he does not know of his own knowledge'. The court overruled the objection and the defendant made the further objection, 'I want to object further, the testimony was, Mrs. Perkins was hurt because she stepped on spit on the floor. The question of liability in that case would have no bearing on this case. If we wanted to settle would have no bearing, or wanted to turn the claim down, would have no bearing on this case.' The court overuled the objection and the defendant excepted and the witness replied, 'I do not know of my own knowledge'. After the court had established the rule of law as to this class of evidence, additional questions were asked, and the witness finally answered, 'I delivered a draft to her.' '' Cause number 12 of the motion was based upon newly discovered evidence.

The complaint, omitting formal parts is as follows: "That the defendant is, and was, at all times herein mentioned, a corporation duly organized, authorized and qualified to transact business under and by virtue of the laws of the state of Indiana, with an office and place of business in the city of Indianapolis, county of Marion and state of Indiana.

"That on the 2nd day of October, 1936, the defendant was engaged in selling articles of merchandise at retail to the public at 35 East Washington Street, Indianapolis, Indiana; that by displaying their merchandise in its show windows and other means of advertising the defendant invited the public to visit its said place of business and to inspect and buy articles

of merchandise therein kept for sale; that on said date plaintiff entered defendant's place of business for the purpose and intent to purchase some of the said merchandise.

"That before plaintiff had entered the store room of said defendant, the defendant by its agents, servants, and employees had negligently left wooden and cardboard objects upon the floor and had so smoothed the floor of said premises as to endanger the life and limb of the entering public; that on or about 3 o'clock during the afternoon of October 2, 1936 plaintiff entered said store and stepped upon the over-smooth floor on a piece of wood or cardboard and in so doing was thrown to the floor with serious injury to her left leg and ankle and back with resultant broken bones therefrom; that the said injury was caused by the negligence and carelessness of said defendants, its agents, servants and employees, all to the plaintiff's great damage in the sum of $5,000.00."

We do not set out all of the second paragraph of the complaint. It was filed sometime after the first paragraph was filed, and was, in legal effect, greatly similar to the first paragraph. We set out the grammatical paragraphs thereof which were somewhat different in their allegations from the corresponding part of the first paragraph as follows:

"That before plaintiff had entered the storeroom of said defendant, the defendant, either by its agents or employees, had negligently left an object on the floor, either of wooden, cardboard or cellophane material, the exact substance of it unknown to this plaintiff, thereby endangering the life and limb of the entering public.

"That on or about 3 o'clock of October 2, 1936, plaintiff entered said store and, while going toward the place to make said purchase, slipped upon an ob-

ject upon the over-smooth floor, thereby throwing her with great force against a merchandise-counter in said store, injuring her left side and turning and twisting her left ankle, with serious injury to her left leg, ankle and back, more particularly as follows: A severely swollen, sprained ankle, causing spreading of bones in that area; bruises to her left leg and back; bruises and injuries to her left side with resultant shock to her whole body.

"That said injuries were caused by the negligence and carelessness of said defendant, its agents and employees, and that said injuries caused her much pain and suffering, all to plaintiff's damage in the sum of five thousand dollars ($5,000.00)."

The general rules of law applicable to the duty of a storekeeper, such as the appellant is, to use ordinary care to keep his store reasonably safe for his customers, have been many times stated, and there is little or no conflict in the decisions. He is not an insurer of the safety of his customers. He is obliged to exercise ordinary care to keep his store in a reasonably safe condition for the protection of his customers. See *Great Atlantic & Pacific Tea Company* v. *Custin* (1938), 214 Ind. 54, 13 N. E. (2d) 542, 14 N. E. (2d) 548.

It is only in the application of the above rules to the facts of a particular case, that any seeming conflict has arisen. For instance, in cases of an injury due to some loose object upon the floor the cases rightfully make a distinction between those cases where the object was placed on the floor by the storekeeper or his agents or servants and the cases where the object was placed on the floor by some third person. This distinction arises by reason of the fact that if the storekeeper or his agents or servants place the loose object upon the floor then the storekeeper will

be presumed to have notice. If the loose object be placed on the floor by some third person without the knowledge of the storekeeper or his agents or servants then of course, notice would not be imputed to the storekeeper, unless the object is allowed to remain on the floor for such length of time and under such conditions as that it may be said that if the storekeeper had used ordinary care he would have discovered it. The character of the loose object on the floor has sometimes led to other distinctions. We mention only the cases involving loose objects on the floor (not negligent construction of the premises) for the reason that the instant case is of that type. The rule established by the great weight of authority is, that if through the lack of ordinary care the loose object that causes the injury is placed on the floor by the storekeeper or his agents or servants, there is a prima facie showing of negligence if the object is of such a nature as that it would be. considered by men of ordinary prudence and care to be reasonably likely to cause injury. In such case the storekeeper has notice. If the loose objects that cause the injury are placed upon the floor by some third person without the knowledge of the storekeeper or his agents or servants, then there is no prima facie showing of negligence on the part of the storekeeper, unless the object remains on the floor for such a length of time and under such conditions as that it may be said that if the storekeeper or his agents or servants had used ordinary care the object would have been discovered before the injury. In the case of *Kroger Grocery & Baking Co.* v. *McCune* (1933), 46 Ohio App. 291, 296, 188 N. E. 568, commonly referred to as the lettuce leaf case, the court said: "In the instant case, since there was no evidence that the employees in the Kroger store knew of the presence of the lettuce leaf on the floor at the

time of or before the accident, nor any evidence as to
the length of time it had been there before the acci-
dent, there is an absolute freedom of knowledge,
either actual or constructive under the general rule
above announced. If the above general rule is to be
followed, it is obvious that the plaintiff must fail."
. . . "Another well recognized principle of law is that,
in order to create liability for a slip and fall on some
substance on a floor, there cannot be a claim of want
of ordinary care unless it can be shown that the sub-
stance on the floor responsible for the slip and fall
was known to have qualities which would make it dan-
gerous to persons coming in contact with it. In this
case the only evidence disclosed in the record on the
question of the dangerous quality of a leaf of lettuce
is the inference that might be drawn from the fact
that the plaintiff, Mrs. McCune, did slip and fall there-
on. It is probably true that the dangerous qualities of
some substance is a matter of common knowledge, and
in such instance no evidence would be necessary other
than the evidence of the presence of the offensive sub-
stance upon which claimant slipped. Such would be
the case in stepping on a wet piece of soap, greasy
meat, tallow, banana peel, or other substance of that
character. It cannot be said that it is a matter of com-
mon knowledge that a scrap of lettuce leaf about the
size of a half dollar is a dangerous substance. We do
not think that it can be said that it is a matter of com-
mon knowledge that such substance would have dan-
gerous qualities." The court held that the trial court
erred in not sustaining the appellant's motion for a
directed verdict. In the case of *Box* v. *Ben Schechter
& Co.* (1937), 57 Ohio App. 275, 13 N. E. (2d) 730 the
same court as in the lettuce leaf case supra, affirmed
a decision of the lower court holding the storekeeper
liable. The appellee in that case "alleged that the ap-

pellant was negligent in allowing decayed or partially decayed fruit and vegetable matter to remain on the floor in the main aisle of the store near the front door, that she entered the store, went to the rear, was engaged in making purchases for fifteen to twenty minutes, and, as she was leaving the store slipped on this matter and fell against a counter," causing her injuries. The court approved the "lettuce leaf" case, supra, and then set out facts which we think distinguished it, pointing out that "There is substantial evidence to support this claim and that the matter had been upon the floor for fifteen minutes or more at the time of the accident." Continuing the court further said (p. 278): "In the case at bar there is evidence from which the jury could reasonably infer it was more probable that the condition was created by the defendant. It was operating the store. It had control of the fruit, vegetables, and groceries while they were loose and until placed in some kind of a bundle and delivered to the customers to be taken from the store. While being handled by defendant, placing them in bins, on counters, displaying them and then delivering them to customers, the likehood of dropping them upon the floor was very much greater than after they were bundled up and delivered to the customers. Furthermore, it is not to be supposed that decayed fruit would be delivered to a customer." There was no direct evidence in that case as to who dropped the fruit substance on the floor. Upon that feature of the case the court said: "If the jury concluded that it was more probable that defendant dropped it, no further evidence was necessary on that branch of the case. If the jury did not draw that inference, it could have concluded that, no matter who created the condition, it had been there fifteen to twenty minutes, and that under the circumstances the defendant should have

discovered it in that time and have sufficient time to remove it after discovery and before plaintiff was injured. If it reached this conclusion, this element of liability was established in that way."

The appellee herein states that the latter case "repudiated" the "lettuce leaf case". In that statement she is in error. The court in the latter case specifically refers to the "lettuce leaf case" and says that it, with *Lowe* v. *Hippodrome Inn Co.* (1928), 30 Ohio App. 520, 165 N. E. 749, the other case mentioned "present no novel principle. On the contrary they declare the old doctrine etc.". In our opinion these decisions are easily reconciled. In the case of *Clark Fruit Company* v. *Stephen* (1930), 91 Ind. App. 152, 170 N. E. 558, this court reversed the judgment of the trial court for its refusal to give two instructions tendered by the appellant. The first of said requested instructions told the jury that in an action against the owner of a wholesale fruit store by a customer for injuries received by falling into an elevator shaft in the store, the alleged negligence being that the defendant permitted a mechanical device to become out of repair so that it failed to trip and allow the gates to drop when the elevator was in use, it was error to refuse a requested instruction that the defendant was not negligent if it did not know the device was not functioning, and, in the exercise of reasonable care, could not have known such fact in time to avoid the accident, in view of the uncontradicted evidence that it had operated perfectly for 20 years. The second of said instructions told the jury that in an action against the owner of a wholesale fruit store by a customer who was injured by falling into an elevator shaft in the store, it was error to refuse an instruction that the defendant was not an insurer of the safety of its place of business even to an invitee.

Applying the rules of law found in the decided cases to the evidence herein it is our opinion that the appellee has failed to show negligence on the part of the appellant. The evidence most favorable to the appellee fails to show that the loose object on the floor was placed there by the appellant or its agents or servants. Nor is there any evidence from which the jury could reasonably draw an inference of fact to that effect. In the fruit store case, *Fox* v. *Ben Schechter & Co.,* supra, relied upon by the appellee it is to be noted that the object on the floor that caused the injury was some decayed fruit and vegetable matter which the jury concluded had been dropped by the storekeeper or his agents or servants while the fruit and vegetables were being handled loosely before being bundled and delivered to a customer. The precise object causing the injury was some decayed portions of the merchandise being sold. Under such circumstances the court held that the jury was entitled to draw the conclusion or inference that it did draw. In the instant case the appellee went into the store to purchase a shirt and cap for her husband. In answer to the interrogatories submitted to her before trial she stated that she did not see any object on the floor before she slipped; that she saw the object after slipping and that it was apparently wood, cardboard or cellophane; that when she stepped on the object it slipped on the floor while her foot was on it. As distinguished from the fruit store case, supra, there is no evidence in the instant case to the effect that the object on the floor was any part of or in any way connected with the merchandise being sold in the store, or that the object of itself was in any way reasonably likely to cause an injury. There was evidence that in another part of the store some small packages of candy or the like, wrapped in cellophane, were on sale and that the pa-

trons sometimes unwrapped them after purchase and would occasionally drop the cellophane on the floor. An inference of fact in the instant case upon which to base negligence of the appellant in respect to the loose object on the floor would have to rest upon conjecture, guess work or speculation upon which verdicts cannot properly be based. There is no evidence that the object was upon the floor for any length of time whatever nor can a reasonable inference be drawn from the evidence that it did in fact remain on the floor for any length of time. There is no evidence whatever that the appellant or its agents or servants knew that the object was on the floor or that it was upon the floor for such time and under such conditions that in the exercise of reasonable care they should have known about it. There is no evidence in the case showing either actual or constructive notice to the appellant that the loose object was upon the floor. From the evidence no one can say what the loose object was.

There was no evidence that there was any negligence with reference to the construction of the floor or that its surface was not treated and cared for in the usual and customary manner for such floors. The appellee testified that the floor was very slick, but there was no evidence that such condition of the floor was attributable to any lack of proper and due care on the part of the appellant and no such issue was presented to the jury by the evidence.

The accident occurred in the mid-afternoon and the evidence was that the floor was swept only once a day—in the evening. From this fact the appellee says that the jury was warranted in drawing the inference that the loose object was on the floor for some time before the injury. Such an inference, in our opinion, would not be a reasonable one and would of necessity be based upon mere guess and speculation.

Under these circumstances, there is a failure of the appellee to prove the negligence charged in the complaint to the appellant. The court should have sustained the motion of the appellant for a directed verdict. For that reason the judgment must be reversed. For additional cases which have been helpful see: *White* v. *Mugar* (1932), (Mass.), 181 N. E. 725; *J. C. Penney Co., Inc.* v. *Robison* (1934), 128 Ohio St. 626, 193 N. E. 401; *William Laurie Company* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337.

Other questions are presented for review, but these alleged errors are not likely to occur again in a re-trial of the case. We deem it unnecessary to discuss them, except to say in a general way that one cannot read the record in this case without noting the repeated efforts to get evidence before the jury of the fact that the appellant carried insurance against injury to its customers. That question was not an issue in the case. Whether or not such insurance was carried by the appellant could not in the slightest manner affect the question of the appellant's negligence charged in the complaint. Persistent efforts in this field of evidence which tend only to confuse and possibly prejudice the jury are usually regarded as prejudicial requiring a reversal.

Attention is also directed to some of the evidence on certain elements of damage not properly recoverable by the appellee under the complaint. The appellant complains that the jury disregarded one of the instructions given to it by the court. In a re-trial of the case we assume that the court will properly instruct the jury under the evidence within the issues, and that this being a civil action, the jury will follow the instructions.

However, as previously indicated for the error of the court in refusing to give to the jury the peremptory

instruction tendered by the appellant to return a verdict for the appellant, the judgment is reversed with instructions to sustain the motion for a new trial.

## ON PETITION FOR REHEARING

Curtis, J. —The appellee in her petition for a rehearing discusses no point that was not fully considered by the court in its decisions of the case. She particularly complains that the court in its opinion did not mention the testimony to the effect that a clerk of the appellant, after the accident was there seen to kick a loose object under the counter. But assuming that there was a loose object on the floor and that it was thus kicked under the counter by a clerk, it was our judgment when the opinion was written and is now our judgment that that evidence was unimportant and need not be discussed as it shed no light on the controlling questions of how long the object had been there, who put it there, what it was or whether or not the appellant or anyone in its service or employment in advance of the accident in the use of ordinary care should have discovered and removed the said object or whether the said object, if it were discovered, was of such a nature that it would be considered by a person of ordinary prudence and care conducting such a business as that of the appellant to be of such a nature as reasonably likely to cause an accident. The court in its opinion discussed and analyzed the law applicable to the case and we see no reason to disturb the decision.

The petition for rehearing is denied.