KROGER COMPANY v. TROY.

[No. 18,224. Filed April 21, 1952.]

*Walter C. Williams, Frederick H. Krueger,* and *Raymond M. Fox, Jr.,* all of Michigan City, for appellant.

*Alvin D. Blieden,* of Michigan City, for appellee.

ACHOR, J.—This is an action for personal injuries alleged to have been sustained by appellee who slipped and fell in appellant's food market. Trial by the court resulted in a finding and judgment for $850.00.

The errors set out in appellant's motion for new trial and relied upon by appellant in this appeal are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The evidence on the issue of negligence (most favorable to appellee) is that the appellee, when near the exit and about to leave appellant's place of business, stepped upon what "appeared to be a greasy spot . . . about the size of a silver dollar," and "skidded into an iron bar by the door" and was injured.

The issue concerning the liability of a shopkeeper to his customer for objects upon the floor of the premises was recently before this court in the case of *J. C. Penney, Inc.* v. *Kellermeyer* (1939), 107 Ind. App. 253, 264, 19 N. E. 2d 882, where, in discussing the sufficiency of evidence, the court held:

> ". . . An inference of fact in the instant case upon which to base negligence of the appellant in respect to the loose object on the floor would have to rest upon conjecture, guess work or speculation upon which verdicts cannot properly be based. There is no evidence that the object was upon the floor for any length of time whatever nor can a reasonable inference be drawn from the evidence that it did in fact remain on the floor for any length of time. There is no evidence whatever that the appellant or its agents or servants knew that the object was on the floor or that it was upon the

floor for such time and under such conditions that in the exercise of reasonable care they should have known about it. There is no evidence in the case showing either actual or constructive notice to the appellant that the loose object was upon the floor. From the evidence no one can say what the loose object was."

The same rule was later affirmed by the Supreme Court of this state in the case of *Robertson Bros. Department Store* v. *Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809.

It is contended that because of the additional hazards occasioned by the nature of the merchandise, a different rule of negligence applies to food markets than applies to department stores generally. No authorities are cited in support of that position. It occurs to us that the rule of negligence is not changed; that reasonable care *remains* a question of fact under these circumstances.

As stated in the case of *John Thompson Grocery Co.* v. *Phillips* (1912), 22 Colo. Court of Appeals 428, 439, 125 Pac. 563: "But assuming that the grease was on the floor and was the cause of plaintiff's fall, *before plaintiff can recover, there must be some evidence at least, tending to show that the defendant or its agents knew, or by the exercise of reasonable diligence could have known this fact, before it may be held guilty of negligence.*" (Our italics.)

There was no evidence in this case that appellant knew, or in the exercise of reasonable diligence could have known, of the fact of the alleged grease spot. Therefore, it cannot be held guilty of negligence.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Note.—Reported in 105 N. E. 2d 174.