Inez LYONS, Plaintiff-Appellee,

v.

J. C. PENNEY COMPANY, Defendant-Appellant.

No. 13888.

United States Court of Appeals
Seventh Circuit.

April 11, 1963.

Fred P. Bamberger, Evansville, Ind., Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., of counsel, for defendant-appellant.

Gerald G. Fuchs, Evansville, Ind., Fuchs & Knoll, Evansville, Ind., of counsel, Raymond P. Knoll, Evansville, Ind., for plaintiff-appellee.

Before SCHNACKENBERG, KNOCH, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity personal injury action [1] with a $2,500.00 verdict and judgment for plaintiff. Penney has appealed.

Plaintiff was injured in Penney's department store in Evansville, Indiana. She was walking, ahead of her husband, from behind a curtain-cutting counter to a thread counter in the store. When she stepped into the aisle leading to the thread counter, her ankle struck a mannequin platform located in the middle of the aisle. She fell to the floor and was injured.

Penney admits plaintiff was its business invitee, that the aisle was primarily for the use and convenience of customers, and that she was injured, generally, in the way she described.

Penney contends, however, that the District Court erred in denying its motion for directed verdict and in submitting the case to the jury, because there was no evidence that it breached its duty to plaintiff. We consider, on this issue of law, only the evidence favorable to plaintiff and draw the inferences most strongly in her favor. Ziegler v.

---

1. A nuisance count was withdrawn from the jury on Penney's motion.

Equitable Life Assurance Society, 284 F.2d 661 (7th Cir. 1961).

 Under Indiana law, although Penney was not insurer of plaintiff's safety while a customer in its store, it had the duty to exercise ordinary care to keep its store in a reasonably safe condition so as not to cause injury to plaintiff, a business invitee. Great Atlantic and Pacific Tea Co. v. Custin, 214 Ind. 54, 13 N.E.2d 542, 14 N.E.2d 538 (1938), J. C. Penney Co. v. Kellermeyer, 107 Ind. App. 253, 19 N.E.2d 882, 22 N.E.2d 899 (1939).

 There is evidence for plaintiff which, with its favorable inferences, would warrant the jury in finding that Penney should have foreseen, as a reasonably prudent person, that plaintiff, a woman shopper, when directed by Penney from the cutting counter to the thread counter, would be likely when walking around the corner of the cutting counter, to trip over a platform 3' wide, 5' long, and 4½" high, set in the middle of the aisle, hidden by the cutting counter, with its color substantially the same color as the floor; and that in tripping she would probably be injured.

We hold, therefore, that the court did not err in denying Penney's motion for directed verdict and in submitting the case to the jury on the question of Penney's negligence.

 We have considered all of the arguments made by Penney in support of its position that the court erred as a matter of law. Among these are that plaintiff, had she watched where she was going, would have seen the platform; that her husband did not trip; and that the use of the aisle for the mannequin platform was a reasonable use. We are of the opinion that these arguments, and similar ones made, were matters of defense for the jury.

We have also read the cases cited by Penney and need distinguish only one, Parker v. Jordan Marsh Co., 310 Mass. 227, 37 N.E.2d 465 (1941). The rule in Massachusetts is similar to the rule in Indiana. The facts in that case distinguish it from the one at bar. There was no evidence there that the platform and floor were substantially the same color. And the plaintiff there had walked by the platform in the "large aisle" before she turned from a counter and tripped over it.

For the reasons given, the judgment is affirmed.