**Edith TYRELL, Plaintiff-Appellant,**

v.

**SEARS, ROEBUCK AND CO., a corporation, Defendant-Appellee.**

**No. 16411.**

United States Court of Appeals Seventh Circuit.

Feb. 29, 1968.

James D. Lopp, William J. Brune, Evansville, Ind., for appellant.

Harry P. Dees, Joseph A. Yocum, Evansville, Ind., for appellee, Kahn, Dees, Donovan & Kahn, Evansville, Ind., of counsel.

Before DUFFY, Senior Circuit Judge, and CASTLE and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

Plaintiff seeks to recover damages for personal injuries alleged to have been sustained by her as a result of a fall in a store operated by Sears in Evansville, Indiana.

On April 5, 1966, plaintiff entered defendant's store in Evansville and went to the ready-to-wear department looking for an Easter coat for her daughter. In this department, clothing hangs on racks on either side of the aisle. The floor of the aisle where plaintiff fell is covered with rubber tile.

Plaintiff looked at several coats. She then took one from the rack, looked it over and returned it. She then turned to her right to walk down the aisle when she fell. Plaintiff claims that the cause of her fall was a piece of banana peel which was on the floor of the aisle near the clothing racks. No one saw or heard plaintiff fall.

After the fall, plaintiff observed a piece of banana peel on the bottom of the shoe of her right foot. She also saw another piece of banana peel "right by the side of the coat rack." Plaintiff described the banana peel on the floor as black, decayed, rotten, hard and dryed around the edges. She scraped this piece of banana peel up with kleenex and handed it to Fowler, the manager of the store. Plaintiff described the banana peel on her shoe as about two inches in length and one inch in width, while the peel on the floor was an inch long and an inch wide.

At the close of all of the testimony, defendant Sears filed a motion for a directed verdict. The District Court granted the motion and directed a verdict in favor of defendant. Judgment was entered accordingly.

In this diversity case, we apply the substantive law of the State of Indiana. We must also keep in mind the following rule: In deciding defendant's motion for a directed verdict, the court must consider the evidence in the light most favorable to the plaintiff; and it must accept as true all facts which the evidence tends to prove and draw against the party requesting the directed verdict all inferences which the jury might reasonably draw. Cartwright v. Traylor Bros., Inc., 288 F.2d 196, 197 (7 Cir., 1961); Moyer v. Cass County Post No. 60, Dept. of Indiana American Legion, Inc., 298 F.2d 46, 47 (7 Cir., 1962), and Eggenschwiler v. Midwestern Motor Lodge Corp., 286 F.2d 765 (7 Cir., 1961).

In Vaughn v. National Tea Company, 328 F.2d 128 (7 Cir., 1964), plaintiff slipped and fell on a piece of lettuce in defendant's East Gary, Indiana, supermarket. After a jury verdict for the plaintiff, the defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied the motion and this Court affirmed. On appeal, defendant argued that there was no evidence that defendant breached a duty to the plaintiff by not discovering or removing the piece of lettuce from the floor of the store. We held that this was a jury question. While admitting that the defendant did not have actual notice of the lettuce, we stated at page 130: " * * * [I]t is our view that the defendant had constructive notice. Such notice is not solely dependent upon lapse of time but on the special circumstances prevailing in each case. The condition of the lettuce leaf immediately after it had been stepped upon is of probative value

**870**

in determining the length of time it had been on the floor."

In *Vaughn*, we quoted with approval from Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274, 276 (1953): "The lettuce leaf was shown to have been dirty, crumpled and mashed. The jury could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it."

Defendant argues that the amount or degree of care required of a store is less where the cause of the injury is foreign to the type of business conducted in the store. Defendant attempts to establish degrees of care which are dependent upon the type of products sold.

Defendant argues bananas are not sold in the store and are not related to the merchandise sold in defendant's ready-to-wear department. Defendant does admit it operates a coffee shop in the store which is several hundred feet from the ready-to-wear department, and also admits that a sundae might be there served which contains a banana.

 We reject the theory which defendant suggests. In Kroger Co. v. Troy, 122 Ind.App. 381, 105 N.E.2d 174 (1952), the Court held that the negligence issue is dependent on whether the care exercised was reasonable under the circumstances, regardless of whether a food market or a department store is involved.

It seems clear from the Indiana decisions that whether reasonable care was, in fact, exercised by Sears in this case, can only be determined by a jury. See also Lyons v. J. C. Penney Co., 316 F.2d 753 (7 Cir., 1963).

Defendant places some reliance on J. C. Penney, Inc. v. Kellermeyer, 107 Ind. App. 253, 19 N.E.2d 882 (1939). However, the Court in Kellermeyer, on page 885, cited with approval Kroger Grocery & Bakery Company v. McCune, 496 Ohio App. 291, 188 N.E. 568, 570 (1933). The following statement of the Ohio Court was quoted by the Indiana Court: " * * * [T]he dangerous qualities of some substance is a matter of common knowledge, and in such instance no evidence would be necessary other than the evidence of the presence of the offensive substance upon which claimant slipped. Such would be the case in stepping on a wet piece of soap, greasy meat, tallow, *banana peel* or other substance of that character." (Emphasis supplied)

We hold there was evidence from which a jury had a right to draw an inference that a banana peel had been on the floor of defendant's store for a period of time prior to plaintiff's injury. It was a jury question to determine whether defendant failed to exercise reasonable care in locating the banana peel and in taking measures to remove same.

The judgment of the District Court is Reversed and remanded.