HATMAKER *v.* ELGIN, JOLIET & EASTERN
RAILWAY COMPANY

[No. 18,725.   Filed March 22, 1956.   Rehearing denied April 17,
1956.   Transfer denied June 5, 1956.]

*Spangler, Jennings & Spangler, William S. Spangler,*
and *Hodges, Ridgely & Davis,* of Gary for appellant.

*Glenn D. Peters,* of Hammond, *Harlan L. Hackbert,*
of Chicago, Illinois, *Smith & Smith,* of Knox, *Peters,
Highland & McHie,* of Hammond, and *Stevenson,
Conaghan, Velde & Hackbert,* (of counsel) of Chicago,
Illinois, for appellee.

ROYSE, C. J.—Appellant brought this action against appellee for damages for personal injuries she allegedly received in a crossing accident at appellee's crossing on 25th Avenue west of the City of Gary, on April 17, 1951.

Among the acts of negligence charged in the complaint were, failure to give any warning bell or signal warning of the approach of the train, and failure to have lights on said train. At the conclusion of all the evidence the trial court sustained appellee's motion to instruct the jury to return a verdict for it, and the court thereupon instructed the jury to return a verdict for appellee. The error asigned here is the overruling of appellant's motion for a new trial. The specifications of that motion here relied upon are, that the court erred in sustaining the appellee's motion for a verdict in its favor, and in giving that instruction.

Appellee has raised certain technical questions as to the brief of appellant and as to whether she has preserved any proper objection to the giving of the peremptory instruction. Our examination of the brief and record discloses there is no merit to this contention.

The question presented requires a consideration of the evidence most favorable to appellant.

The record discloses that about seven p.m. on the evening of April 17th appellee's train was approaching the 25th Avenue crossing from the north. It was dark enough to require lights. Appellant was riding in the automobile of her husband. He was driving west on 25th Avenue. As he approached the crossing he slowed down to a speed of about five miles per hour. He looked both ways but did not hear a bell or whistle and saw no lights. The area around the intersection before the accident was quiet. The window on his side of the

car was about half down, and on the right side where appellant was sitting it was down just a crack.

Appellant did not hear a bell or whistle or other warning signal and did not see a light on the engine. As they reached the intersection they sat there for about a second. She looked both ways and saw nothing, and she said: "Let's go, honey."

One witness said: "At the time I saw the train approaching toward that crossing, I did not at any time hear the whistle blow or the bell ring because I am so used to it that I never listen to it blow". "When I looked at the train, I couldn't say whether it had its lights on. I don't know whether it did or not". "I believe the car had its lights on".

The question presented by this appeal has been before this court and our Supreme Court frequently in recent years. In the recent case of *Callahan* v. *New York Central Railroad Company* (1955), 125 Ind. App. 631, 125 N. E. 2d 263 (Transfer denied), in an opinion by Judge Kendall we reviewed most of the cases relied upon by the parties hereto. We there reiterated the firmly-established rule that where the minds of reasonable persons might have differed on the questions of negligence and contributory negligence, it was error for the trial court to direct a verdict in favor of the defendant. We are of the opinion that is the situation in this case.

Therefore, the judgment is reversed with instructions to sustain appellant's motion for a new trial.

Crumpacker, J., dissents with opinion.

DISSENTING OPINION

CRUMPACKER, J., dissents. Notwithstanding recent decisions of this and the Supreme Court I think there

still exists, in the jurisprudence of this state, such a thing as contributory negligence as a matter of law. Of course the courts have not said, in so many words, "There is no such thing as contributory negligence as a matter of law" but by their persistent disposition to ignore it when it appears they have accomplished the same result.

The appellant testified that when they, meaning herself and husband, reached the crossing where the accident in controversy occurred they "sat there a second." The area was quiet and she listened for approaching trains but heard no whistle or bell or other noise warning her of a train. She looked both ways but saw nothing and said to her husband, who was driving the car, "let's go, honey." During the moment she sat there looking and listening the train was in close proximity to the crossing, as it struck her seconds later, and her only excuse for not seeing it is that it was dark and she saw no light on the engine. I realize that our courts have repeatedly held that where one is in a position to hear and listens for the sound of a whistle or bell on an approaching train and hears neither, such fact is competent evidence that neither was sounded and is sufficient to take the question of the defendant's negligence in failing to sound them to the jury. We have never gone so far as to say, however, that where one listens for the noise of an approaching train but hears none, that fact is evidence that the train made no noise. The absurdity of such a proposition is at once apparent. It is equally absurd not to charge one with having seen a train which is within his view simply because he says he looked and did not see it. But, the appellants says, the accident happened at 7 o'clock in the evening of April 17, and it can reasonably be inferred that the train was not within her view when

she looked because it was dark and the headlight on the engine was not lit. The fact remains nevertheless that every disinterested witness in the case, who were in no better position to see than the appellant, saw the train when it was quite a distance from the crossing. To illustrate the significance of this permit me to state a hypothetical case. The driver of a motor bus with 20 passengers aboard approaches a railroad crossing and stops. Everybody in the bus sees an approaching train in close proximity to the crossing except the driver who proceeds across the track and is hit. Certainly reasonable men, considering such a state of facts, would be forced to the conclusion that the driver either did not look or if he looked he did not heed what he saw. His sworn statement that he looked and saw no train would lack sufficient probative value to warrant the submission of the question of contributory negligence to the jury.

We have criticized trial courts for not weighing the evidence, on motions for a new trial, and setting aside verdicts that are contrary to the great preponderance of the evidence yet, when a trial court has courage enough to direct a verdict, we, with meticulous care, search the record and almost invariably find some item of evidence or inference which we conclude, through a process of tenuous reasoning, is sufficient to take the case to the jury.

I would affirm the judgment.

NOTE.—Reported in 133 N. E. 2d 86.