Robert EGGENSCHWILER, Plaintiff-Appellant,

v.

MIDWESTERN MOTOR LODGE CORPORATION, Defendant-Appellee.

No. 13114.

United States Court of Appeals Seventh Circuit.

Feb. 2, 1961.

Robert H. Duffy, Paul O. Hertwig, Terre Haute, Ind., for appellant.

Jerdie D. Lewis, Terre Haute, Ind., Lewis & Lewis, Terre Haute, Ind., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for personal injuries brought by plaintiff who was a guest of a motor hotel, against the innkeeper. Jurisdiction is based on diversity of citizenship. Negligence was charged based upon the construction and maintenance of the bathing facilities of the unit rented by plaintiff.

On July 31, 1958, plaintiff engaged a room for himself and family at the Ritz-Plaza Motel operated by defendant. The bathtub furnished by defendant was enclosed by glass doors or panels glazed with ⅛ inch glass. The glass enclosure was for use when guests took a shower bath. An oval-shaped bath mat 13 inches wide and 20 inches long was furnished. Plaintiff prepared to take a shower bath. After disrobing, he adjusted the shower water to the proper temperature, entered the tub and stood on the mat which was at one end of the tub, under the showerhead. After getting his body wet, he stepped back off the mat and rubbed soap on his body. He stepped forward to rinse off the soap and in doing so, his foot slipped. He reached to his right for support and his hand encountered the glass panel. The panel shattered and plaintiff fell with his arm extended through the broken glass. As he fell, his arm was cut severely by the broken glass remaining in the frame.

Plaintiff urged several grounds of negligence including the allegation that the glass in the panel which was ⅛ inch in thickness was too thin to withstand the pressures reasonably to have been anticipated, and was lighter glass than the $\frac{7}{32}$ inch glass customarily used in the tub enclosure industry.

At the close of plaintiff's case, the Court granted defendant's motion for a directed verdict. The Court stated plaintiff was guilty of contributory negligence as a matter of law, and that it did not reach the question of defendant's alleged negligence.

Under the facts of this case, and under Indiana law, we hold the question of contributory negligence of the plaintiff was clearly a question of fact for the jury. It was error for the Court to have directed a verdict in favor of the defendant.

Under Indiana law, the burden of proof is on the defendant to establish the contributory negligence of a plaintiff. The limitation on the power of a trial court to direct a verdict for defendant on the issue of contributory negligence is the same as would apply to the direction of a verdict for the plaintiff on the issue of defendant's negligence. Heiny v. Pennsylvania R. R., 221 Ind. 367, 47 N. E.2d 145.

Under Indiana law, as elsewhere, the question of contributory negligence is ordinarily one for the jury. This is so when reasonable men could fairly draw different inferences from undisputed facts. Larkins v. Kohlmeyer, 229 Ind. 391, 395, 98 N.E.2d 896, 898; Gamble v. Lewis, 227 Ind. 455, 85 N.E.2d 629; Allen v. Pennsylvania R. R., 7 Cir., 120 F.2d 63; Hatmaker v. Elgin, J. & E. R. R., 126 Ind.App. 566, 133 N.E.2d 86.

In determining whether a peremptory instruction should be given, the court must accept as true all facts which the evidence tends to prove and draw against the party requesting such instruction, all inferences which the jury might reasonably draw. Callahan v. New York Cent. R. R., 125 Ind.App. 631, 635, 125 N.E.2d 263, 265; Whitaker v. Borntrager, 233 Ind. 678, 122 N.E.2d 734; Allen v. Pennsylvania R. R., 7 Cir., 120 F.2d 63; Reno Sales Co. v. Pritchard Industries Inc., 7 Cir., 178 F.2d 279.

From the comments made by the trial judge, it is apparent that he regarded the plaintiff was guilty of contributory negligence in stepping off the mat and standing on the porcelain surface of the tub. The Indiana Supreme Court had a somewhat similar situation in Lincoln Operating Co. v. Gillis, 232 Ind. 551, 114 N.E.2d 873. This was a bathtub-fall case and defendant there relied on a Florida case [Miller v. Shull, Fla., 48 So. 2d 521] where the plaintiff had been found contributorily negligent as a matter of law because she should have known "that a small amount of water in * * * a bathtub creates a slippery condition." The Indiana Supreme Court stated, 114 N.E.2d at page 876, "We are not impressed with the reasoning of this case for several reasons. While it is a matter of common experience that water makes an enamel or porcelain tub more slippery than a dry tub, it is also a matter of common experience that millions of people take baths in such tubs without ever falling or injuring themselves. It is also a matter of common experience that wet soap acts as a lubricant and makes a wet bathtub much more slippery than water alone." The Indiana Supreme Court held the trial court did not err in refusing to direct a verdict for defendant. A verdict and judgment for the plaintiff were sustained.

Considering the evidence in the light most favorable to the plaintiff, we are convinced that reasonable men could conclude that the plaintiff was not guilty of contributory negligence. The judgment for defendant is reversed, and the case is remanded for a new trial.

Reversed and remanded for a new trial.