## GIBSON v. FROMAN.

[No. 20,248. Filed December 6, 1965. Rehearing denied January 17, 1966. Transfer denied March 30, 1966.]

*John Hovanec,* of Gary, for appellant.

*William H. Eichhorn,* of Gary, for appellee.

WICKENS, J.—Plaintiff-appellant brought suit for personal injuries against appellee. The trial court, on appellee's motion, instructed the jury to find for defendant-appellee.

The complaint alleged that the parties were proceeding north in separate automobiles in the same direction and appellee negligently, 1) usurped the use of the entire road preventing appellant from proceeding northbound, 2) allowed his car to be parked at a dangerous point on a decline in the

highway "considering" inability of northbound travelers to see and, 3) parked in the area of travel designated for northbound traffic.

Appellant testified as to his injuries, which were severe. He was unable to recall any facts concerning the operation of the vehicles. A witness, an elderly gentleman, who did not see the collision but who lived nearby, heard the impact and immediately proceeded to the scene. This witness had a conversation with defendant-appellee. However, most of the testimony of this witness was stricken by the trial court and no question is presented here as to the ruling of the court thereon.

The single alleged error presented is whether the trial court was justified in directing the verdict.

We recognize the duty of this court to so determine, by reviewing the evidence most favorable to appellee and by admitting the truth of all the evidence given in favor of the party against whom the motion was contemplated and by drawing all reasonable inferences flowing therefrom as well as drawing against the party requesting the peremptory instruction all the inferences which a jury might have reasonably drawn. With all of the benefit of such rule we cannot say the trial court committed error.

The evidence as given fails even to indicate where either auto was located when the impact took place. It cannot be said from all of the evidence and the inferences therefrom whether defendant-appellee's car was parked or whether it was moving at the time of impact. The evidence does not describe and the court or jury could not tell with inferences therefrom to what extent there was an incline, to what extent visibility was obstructed, if at all; nor even how the collision occurred. Under the pleadings here these are essential elements to the charges of negligence in the complaint.

A peremptory instruction should be given where there is a

total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 680, 681, 122 N. E. 2d 734.

Finding no error, the judgment is affirmed.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 212 N. E. 2d 25.