VERNON FIRE & CASUALTY INSURANCE COMPANY, GREAT AMERICAN INSURACE COMPANY *v.* A. W. SHARP D/B/A COLUMBUS WOOD PRESERVING COMPANY.

[No. 1-474A57. Filed September 4, 1974.]

*Mark W. Gray, John T. Lorenz, Kightlinger, Young, Gray & DeTrude,* of Indianapolis, *William A. Conner, Walker & Conner,* of Columbus, for appellants.

*Charles E. Brown, Crabbe, Brown, Jones, Potts & Schmidt,* of Columbus, *Charles R. Wells,* of Columbus, for appellee.

ROBERTSON, P.J.—Defendant-appellants Vernon and Great American (the insurers) are appealing from a jury verdict awarding plaintiff-appellee Sharp compensatory and punitive damages.

The four issues argued by the insurers are that the amount of compensatory damages was excessive; the award of punitive damages was error; error in rejecting evidence of Sharp's understanding of his insurance coverage and, the failure to include interest in the verdict was inconsistent with an award of punitive damages, therefore contrary to law.

We find no reversible error.

Sharp owned a creosoting plant which was operated by John Easter. The insurers had issued identical fire insurance policies to Sharp covering certain immovable fixtures and personal property at the plant. On June 7, 1971, the plant was virtually destroyed by fire. Sharp filed suit against the insurers on September 2, 1971, after they had rejected his proofs of loss.

At the trial stipulations were made that the insurers were liable under the policies; the policies were in effect at the time of loss and covered the property destroyed; and acceptance of Sharp's estimated loss of $94,108.09. Neither insurer presented testimony in their behalf.

The jury returned a verdict of $31,250, the face value of the policy, as compensatory damages and $17,000 in punitive damages against each insurer.

The insurers' first contention that the jury's verdict for the face value of the policy is excessive is based upon a pro-rata clause which says the policy "covers. its pro-rata proportion of and on the following amounts." The clause was followed by a schedule of items, each being assigned a dollar value.

Each insurer maintains that they are only liable for one-fourth of the value of each destroyed scheduled item, for a total of $23,527.02 each. The basis for their position is testimony that the total value of all insurance equalled $125,000. (This testimony will be discussed later in this opinion.)

Sharp on the other hand, contends the total of all insurance was $62,500, the combined total of the insurers' two policies. Sharp relies, in part, on another policy clause which reads:

> "This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

We understand the general rule to be that pro-rata clauses do not come into play when the amount of the loss exceeds the face value of the concurrent insurance policies. See, i.e. *Couch on Insurance* 2d § 62.56, p. 504. Here the jury heard evidence from which they could find or infer that the loss was more than $94,000 and the insurance amounted to a total of $62,500. This being the case the jury's verdict has a valid legal foundation.

The insurers next argue that a good faith dispute existed

between the parties which makes the submission of punitive damages for the jury's consideration contrary to law. The dispute about the amount of liability, they maintain, negates any question of fraudulent, malicious, or oppressive conduct on their part. They also argue that error existed when the trial court did not construe the contract of insurance for the jury but instead instructed the jury that the policies were to be construed in Sharp's favor if ambiguity did exist.

In answering the second contention first, the general rule is that the trial court should construe a contract if it is not ambiguous. *United States Fidelity & Guaranty Co. v. Baugh* (1970), 146 Ind. App. 583, 257 N.E.2d 699. However, it has also been held that it is not reversible error to allow the jury to construe a contract if it appears from the record that the jury placed the correct construction upon it. *Vulcan Iron Works Co. v. Electric Magnetic Gold Min. Co.* (1912), 54 Ind. App. 28, 99 N.E. 429. We believe the latter situation occurred in this case for the reasons discussed under the question of compensatory damages in that the jury's construction of the insurance contract has a reasonable basis in the policy language and the evidence produced at the trial.

Insofar as the sufficiency of the evidence to support an award of punitive damages is concerned Indiana law permits recovery of punitive damages where the conduct of the wrongdoer indicates a heedless disregard of the consequences, malice, gross fraud, or oppressive conduct. *True Temper Corp. v. Moore* (1973), 157 Ind. App. 142, 299 N.E.2d 844; *Alderman Ford Sales v. Bailey* (1972), 154 Ind. App. 632, 291 N.E.2d 92; *Physicians Mutual Ins. Co. v. Savage* (1973), 156 Ind. App. 283, 296 N.E.2d 165. In reviewing the sufficiency of the evidence to support such a finding we apply a standard of review as stated in *True Temper Corp. v. Moore, supra:*

"In examining the factual record to determine whether there is sufficient evidence to warrant the award of puni-

tive damages, it goes without saying that we must and will examine it in the light most favorable to the decision of the trial court. In this context Appellee is entitled to such favorable inferences from all the evidence produced no matter from what source." 299 N.E.2d at 847.

In this case the jury heard evidence that, *inter alia,* Sharp repeatedly informed them that he was in desperate need of the insurance proceeds to satisfy pressing financial matters caused by the loss of the business and that the insurers, from the time of loss through the trial two years later, made no offer to settle. There was no evidence presented to show a conflict between Sharp's and Easter's claims. The jury also heard evidence from which they could find that the policy provisions were so clear that the insurers could not dispute the amount of liability in good faith.

We are of the opinion the evidence was sufficient to allow the jury to find that the insurer's conduct amounted to heedless disregard of the consequences, malice, gross fraud or oppressive conduct.

The insurers also allege error in the failure of the trial court to give one of their tendered instructions saying that punitive damages may not be based upon their bad faith. We find no error here because the jury was properly instructed on what elements may be considered in assessing punitive damages against the insurers.

The insurers next argue that the court erred in rejecting parol evidence regarding Sharp's understanding of the insurance coverage. The gist of the testimony was to the effect that the total coverage consisted of $125,000, one-fourth to be self insured by Sharp and the remainder covered by three policies of $31,250 each. It also revealed that Easter had cancelled one of these policies for reasons unknown to Sharp.

Our reading of the transcript indicates that this evidence eventually reached the jury because during cross-examination, Sharp was asked if it was his understanding that each policy

was to cover only one-fourth of the total loss. An objection was sustained on the basis of the parol evidence rule. However, Sharp was then indirectly asked the same question by reference to his deposition. This time, the same objection was overruled and he was allowed to answer.

Even assuming that the judge initially erred in rejecting the evidence, any alleged error became harmless when the evidence was later admitted. We are not called upon to determine if its admission was error.

The insurers' final argument is that the award of punitive damages was inconsistent with the refusal to award interest on the verdict and was therefore contrary to law. They suggest the refusal to award interest constituted a determination by the jury that the amount due was unliquidated and unsettled until the jury award. Thus, they continue, an award of punitive damages was improper.

We are of the opinion that it was within the province of the jury to award or not to award interest. We may only speculate as to their reasoning which is not a proper foundation for reversible error.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 316 N.E.2d 381.