Tommy R. Sexton, Jr. and Naomi Sexton *v.* Meridian Mutual Insurance Company.

[No. 1-175A21. Filed November 19, 1975.]

*Cline, King & Beck,* of Columbus, for appellants.

*Crump & Angermeier,* of Columbus, for appellee.

LYBROOK, J.—Plaintiffs-appellants Tommy and Naomi Sexton, husband and wife, appeal from the granting of defendant-appellee Meridian Mutual Insurance Company's motion for judgment on the evidence which removed from the jury's consideration the question of punitive damages. The propriety of that ruling forms the only issue for our review.

The facts most favorable to plaintiffs, the non-moving party, reveal that on January 23, 1973, plaintiffs' home in Scott County was damaged by fire. At the time of loss, plaintiffs were protected by a paid up policy of fire insurance issued by Meridian in the sum of $20,000. The policy, standard in form, provided for an appraisement in the event a dispute arose as to the amount of any fire loss:

> "In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

When a dispute arose as to the amount of loss sustained by plaintiffs from the fire, plaintiffs sought to have the matter settled pursuant to the above clause. Plaintiffs named one Riley Caudill as their appraiser and Meridian selected a Mr. Stanley Bott. When these two could not agree upon an umpire,

the Sextons petitioned the Scott Circuit Court and a Mr. Arthur D. Mitchell was appointed on July 11, 1973. On July 18, 1973, Bott and Caudill met at the Sextons' home to itemize and appraise the loss. Thereafter, despite repeated requests and demands from the Sextons, Meridian refused to furnish Bott's appraisal. Then, on August 17, 1973, having not yet received a copy of Bott's appraisal, the Sextons submitted Caudill's appraisal of the fire loss in the sum of $19,502.00 to the umpire, Arthur Mitchell. Mitchell then approved Caudill's appraisal. Thereafter, on August 20, 1973, the Sextons submitted a demand to Meridian for payment of $17,768.54 this being the amount of the appraisal less the sum of $1,733.46 previously paid by Meridian.

When Meridian refused to pay this amount, and further refused to recognize the umpire's award, Sextons were forced to file this suit.

Sextons' complaint sought both compensatory ($17,768.54) and punitive ($200,000) damages for malicious breach of insurance contract. At the close of plaintiffs' evidence, the trial court granted Meridian's motion for judgment on the evidence as to the claim for punitive damages, thereby withdrawing that issue from the jury's consideration.

In determining the propriety of that ruling, we are limited to the standard of review as announced in *Mamula* v. *Ford Motor Co.* (1971), 150 Ind. App. 179, 275 N.E.2d 849:

> "When passing on a motion for a directed verdict, the court is merely called on to determine if there is *some* evidence of negligence on the part of the defendant which the jury is entitled to consider. *Jones* v. *Furlong* (1951), 121 Ind. App. 279, 97 N.E.2d 369. *Where the evidence is such that the minds of reasonable men might differ,* or if the determination of negligence depends on conflicting evidence, then the question is for the jury. *Hatmaker* v. *Elgin, Joliet & Eastern Railway Company* (1956), 126 Ind. App. 566, 133 N.E.2d 86; *Heiny* v. *Pennsylvania Railroad Company* (1943), 221 Ind. 367, 47 N.E.2d 145; *Robertson Brothers Department Store* v. *Stanley* (1950), 228 Ind. 372, 90 N.E.2d

809; *Haney* v. *Meyer* (1966), 139 Ind. App. 663, 215 N.E.2d 886; *Oliver* v. *Clemons' Estate* (1968), 142 Ind. App. 499, 236 N.E.2d 72.

"Therefore, a directed verdict is proper only when the evidence is without conflict and is susceptible of but one inference in favor of the moving party. *State Farm Life Ins. Co.* v. *Spidel* (1964), 246 Ind. 458, 202 N.E.2d 886; *Gibson* v. *Froman* (1965), 138 Ind. App. 497, 212 N.E.2d 25; *Mitchell* v. *Smith* (1965), 138 Ind. App. 93, 211 N.E.2d 809; *Reynolds* v. *Langford* (1961), 241 Ind. 431, 172 N.E.2d 867."

Thus, the question to determine is whether there was any evidence or any reasonable inference of conduct which would justify punitive damages in this case. Helpful to that determination are the cases of *Vernon Fire & Casualty Ins. Co.* v. *Sharp* (1974), 161 Ind. App. 413, 316 N.E.2d 381; and *Rex Insurance Co.* v. *Baldwin* (1975), 163 Ind. App. 308, 323 N.E.2d 270.

Defendant concedes that those two cases stand for the proposition that punitive damages are proper in a breach of insurance contract case where it is shown that the conduct of the wrongdoer indicated a heedless disregard of the consequences, malice, gross fraud, or oppressive conduct. Further, *Rex Insurance* supports the proposition that where an insurer could not in good faith dispute the amount of liability, the trial court or jury, as the case may be, could reasonably infer the existence of heedless disregard for the consequences, malice, oppressive conduct and injury:

"The most recent case on this subject is *Vernon Fire & Casualty Insurance Co.* v. *Sharp* (1974), [161] Ind. App. [413], 316 N.E.2d 381. In this case the award of punitive damages was discussed. On this, the court said:

" '. . . The jury also heard evidence from which they could find that the policy provisions were so clear that the insurers could not dispute the amount of liability in good faith.

" 'We are of the opinion the evidence was sufficient to allow the jury to find that the insurer's conduct amounted to heedless disregard of the consequences, malice, gross fraud or oppressive conduct.' 316 N.E.2d at 384.

"We are of the opinion that the record before us reveals evidence that the policy provisions were sufficiently clear that Rex could not dispute the amount of liability in good faith; we are of the further opinion that from such evidence the trial court could reasonably infer the existence of heedless disregard of the consequences, malice, oppressive conduct and injury." 323 N.E.2d at 274.

In addition to its failure to promptly negotiate and settle Sextons' claim, Meridian also refused to participate in and recognize the validity of an award made by the umpire which was selected in accordance with the terms of the policy drafted by Meridian. Moreover, even after its own appraiser (Bott) returned his estimates of $15,200.44 and $11,453.87, Meridian refused to make these figures available to the Sextons' appraiser or to the court appointed umpire. Despite the fact that its own appraiser placed the damage at $15,200.44 or $11,-453.87, and the fact that both the Sextons' appraiser and the court appointed umpire set the loss at $19,502.00, Meridian steadfastly asserted that the outside limit of its liability was $5,772.25. Further, the record does not reveal that Meridian at any time requested additional time in which to comply with and participate in the appraisement procedure.

Clearly, this is *some* evidence from which the jury could reasonably have inferred both lack of good faith in Meridian's dispute as to the extent of its liability and oppressive conduct. We therefore hold that the trial court erred in sustaining Meridian's motion for judgment on the evidence as to the issue of punitive damages. In so concluding, we recognize that conflicting evidence and inferences exist as to the circumstances surrounding Meridian's refusal to recognize the validity of the umpire's award. In such circumstances, it is not within the province of the trial court to

remove the question from the jury's consideration. The judgment below is therefore reversed and the cause remanded with instructions to overrule defendant's motion for judgment on the evidence as to plaintiffs' claim for punitive damages.

Reversed and remanded with instructions.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 337 N.E.2d 527.